**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2013

Lyle W. Cayce
Clerk

No. 11-11079
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDOLPH TATUM, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:04-CR-81-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Rudolph Tatum, Jr., appeals the sentence imposed after revocation of his term of supervised release. He argues that his eighteen-month sentence of imprisonment, which was above the recommended policy statement range of six to twelve months, is unreasonable because the district court improperly relied upon his need for rehabilitation to impose or lengthen the sentence.

We review revocation sentences to determine whether they are plainly unreasonable. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11079

132 S. Ct. 496 (2011). Because Tatum did not object to the reasonableness of his sentence based upon the district court's references to his alcohol abuse or rehabilitative needs, our review of that issue is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). In *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011), the Supreme Court held in a direct criminal appeal that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." This court recently held that *Tapia* applies to the revocation context. *United States v. Garza*, No. 11-10543, 2013 WL 398760, at *1 (5th Cir. Feb. 1, 2013). A district court, therefore, is precluded from lengthening a revocation sentence based on the defendant's rehabilitative needs.

Tatum has failed to demonstrate that the district court imposed or lengthened Tatum's revocation sentence because of his rehabilitative needs. While the district court referenced the opportunity Tatum would have to participate in counseling services, our review of the record convinces us that the district court did not impose or lengthen Tatum's eighteen-month sentence on that basis. *See United States v. Receskey*, 699 F.3d 807, 811–12 (5th Cir. 2012) (finding no plain error because the district court did not "impose or lengthen defendant's prison term for the purpose of making [the defendant] eligible for any rehabilitative program"); *cf. Garza*, 2013 WL 398760, at *4 (finding plain error where the court's only justification for the sentence it imposed was the defendant's rehabilitative needs). Accordingly, Tatum has not shown that the district court plainly erred under *Tapia*.

The judgment of the district court is AFFIRMED.