## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2014

Lyle W. Cayce
Clerk

No. 12-31085

UNITED STATES,

Plaintiff - Appellee

v.

COREY P. WOOLEY,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, GARZA, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

Corey P. Wooley ("Wooley") was sentenced to thirty months of imprisonment, following the revocation of a prior probation sentence. During the revocation hearing, the sentencing court noted its belief that Wooley suffers from a cocaine problem, repeatedly referenced his need for treatment, and explicitly indicated that the sentence was imposed for the purpose of resolving Wooley's untreated drug problem. The district court committed clear error by violating the Supreme Court's mandate in *Tapia v. United States*, which prohibits a sentencing court from "imposing or lengthening a prison sentence to . . . promote rehabilitation." 131 S. Ct. 2382, 2393 (2011). Accordingly, we

VACATE the sentence and REMAND to the district court for resentencing in light of this opinion.

## I.

In November of 2009, Wooley pleaded guilty to the unlawful use of a United States Coast Guard Merchant Marine Officer License, in violation of 18 U.S.C. § 2197. Wooley was sentenced to five years of probation, with six months of home confinement. The probation order required Wooley to submit to random urinalysis drug testing by a probation officer, pay for his electronic monitoring system, and attend a "life skills" program.

In September of 2012, the government sought to revoke Wooley's probation based on various instances of noncompliance. Specifically, the government's petition alleged that Wooley had failed to pay his location-monitoring fee, submitted a diluted urine specimen, failed to report for urinalysis drug testing on eleven occasions, failed to submit several monthly supervision reports, missed two scheduled office visits, and, despite advance notice, was not present during scheduled home visits. The petition was subsequently amended to include an allegation that Wooley had failed to advise his probation officer that in January of 2012, he pleaded guilty to the misdemeanor offense of misrepresentation of name, age, and address.

On October 17, 2012, a probation-revocation hearing was held. Wooley, represented by counsel, declined to contest the allegations of noncompliance but asked the court to continue his probation, explaining that the violations were a result of communication problems with his probation officer. The district court noted that based on a criminal-history category of I, and the Grade C probation violations, the recommended sentence under the United States Sentencing Guidelines is three to nine months. *See* U.S.S.G. § 7B1.4. The court expressed its concern with "not necessarily each violation but the

cumulative effect of so many violations" and questioned whether Wooley was suffering from a "drug illness . . . that he is not getting treated for." Wooley denied any substance-abuse problems and insisted that the violations were a result of communication issues and misunderstandings, explaining that he was out of town for some of the missed appointments.

The district court reiterated its concern with the amount of violations and its belief that Wooley suffered from a drug problem, which the court reasoned could be resolved by the sentence:

> I don't like punishing somebody for what I call a technical violation; that is, you know if you were away on work or whatever and they called you and there was a problem with that, I don't normally revoke for that. But you have had so many other instances where you missed without any excuse, either reporting issues, random testing issues, the home visit issues. *I think something else is going on here.* What I don't know. *I know there is a specimen that was diluted, and some trace amounts of cocaine.* Those seem to be some *concerns that need addressing. I'm hoping that this particular matter will be put to rest as a result of whatever we do here. . . .*

After briefly inquiring into Wooley's work history and family ties, the court then stated:

> Sometimes when individuals don't report for ordered drug analysis or testing to then determine if they need treatment, when they are unable to do that on their own, then *sometimes a confined setting might help to get that done.* I thought I gave you a really good break when I sentenced you before to that probated sentence, including a home detention rather than straight jail. You have had an opportunity more than once now with probation to correct your actions with them. You let all of us down, Mr. Wooley. But it is not us that I am concerned about, it is you. *You need help, and I think that help is something that maybe perhaps you are in some sort of denial on. I know you don't think you have a problem, but I tend to believe you may because of all those missed appointments for drug testing and that diluted specimen that I mentioned earlier.*

No. 12-31085

> *All of that are grounds for revocation*; therefore, I am going to revoke.
>
> I am considering in mitigation, which you have said, but again *I think it is an evidence* [sic] *to me that you need help for I think a cocaine problem. So in that regard the Court is going to sentence you to 30 months imprisonment for purposes of getting you that help.* And also to impress upon you the seriousness when you violate Court orders, particularly an order where I thought I gave you a pretty good break to handle whatever it is you need to handle on your own. Sometimes people need help, and you are of those I think need that sort of help.

The district court then "recommend[ed] highly" to the Bureau of Prisons ("BOP") that Wooley be provided counseling and testing for consideration of treatment for substance abuse issues, referring specifically to a boot-camp program and a 500-hour program. The district court advised Wooley that "[i]f it is offered to you take it. [These rehabilitative programs] not only give[] you help, but [they] also perhaps get you out of custody sooner than you otherwise would be out on." After this discussion, Wooley's counsel objected to the sentence, explaining that "in light of the fact that this is a significant variance from the guideline range that was applicable in this case . . . we would object to the upward variance in this case on that basis. And as required by the current Fifth Circuit case law, we have to object on the grounds that it is an unreasonable application of 18 United States Code, Section 3553 (a) and those sentencing factors." In response, the district court said:

> I understand. And for the record, the Court has considered all of the 18, 3553(a) factors. And again I feel as if the variance that I have ordered is in keeping with those factors, particularly the factors dealing with impressing upon someone like Mr. Wooley under the circumstances here the need to comply with orders and conditions of sentencing that were meant to help him, not to necessarily punish him.

4

No. 12-31085

> It is also the factor to consider is [sic] the deterrence factor that is needed and the *treatment that I think he desperately needs.* . . .

The district court overruled counsel's objections and sentenced Wooley to 30 months imprisonment—over three times the maximum recommended sentence of nine months.

On appeal, Wooley contends that the district court committed reversible error by improperly basing his above-guidelines prison sentence upon its belief that Wooley was in need of drug treatment, in clear violation of 18 U.S.C. § 3582(a) and the Supreme Court's decision in *Tapia v. United States*, 131 S. Ct 2382 (2011). Wooley argues that because counsel objected to the upward variance, the issue was preserved and we should review under the "plainly unreasonable"[1] standard applied to appellate review of revocation sentences. Pointing to the revocation hearing transcript, Wooley asserts that his sentence was based primarily upon his perceived need for rehabilitation, and thus was an obvious abuse of discretion under existing law, and he is therefore entitled to resentencing.

In response, the government argues that the district court's sentence was properly based upon Wooley's need for deterrence, the seriousness of the probation violations, the court's prior leniency with the defendant, and the multiple instances of noncompliance. The government argues that the concern about Wooley's need for rehabilitation was not the "dominant" or "primary" factor in sentencing, and the court therefore did not commit *Tapia* error. The government contends that Wooley's counsel's general objection to the upward variance did not sufficiently preserve the issue and that plain error review

---

[1] "Under the plainly unreasonable standard, we evaluate whether the district court procedurally erred before we consider 'the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.' If a sentence is unreasonable, then we consider whether the error was obvious under existing law." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (citation omitted).

applies. The government concedes that if this panel were to find that the district court committed *Tapia* error, that it would be clear or obvious but asserts that any error did not affect Wooley's substantial rights because the sentence was based on proper justifications.

## II.

When imposing a sentence of imprisonment, a federal court must consider the statutory factors enumerated in 18 U.S.C. § 3553(a)[2] while "recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). In 2011, the Supreme Court interpreted the language of 18 U.S.C. § 3582(a) as prohibiting federal sentencing courts from "impos[ing] or lengthen[ing] a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia*, 131 S. Ct. at 2393. The district court's concern for Wooley's drug problem pervaded the court's sentencing determination and the court's expressed belief that confinement would resolve Wooley's drug problem was a clear violation of *Tapia* that affected Wooley's substantial rights. Thus, we vacate the sentence and remand for resentencing in compliance with the mandates of *Tapia.*

## A.

In *Tapia*, the Supreme Court held that § "3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." 131 S. Ct. at 2391. The *Tapia* Court looked to both 18 U.S.C. § 3582(a) as well as 28 U.S.C. § 994(k), which directs the Sentencing

---

[2] These factors direct a sentencing court to consider: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Commission to ensure that "the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant." *Id.* at 2388 (quoting 28 U.S.C. § 994(k)). The Court explained that while these statutes prohibit a sentencing court from choosing a sentence of imprisonment in lieu of probation or lengthening a prison term for rehabilitative purposes, a court does not commit error by merely "discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id.* at 2391. A court may therefore "urge the BOP to place an offender in a prison treatment program." *Id.* In *Tapia,* the sentencing court explicitly stated that the defendant "needed . . . the 500 Hour Drug Program" and that the "'number one' thing is the need to provide treatment." *Id.* at 2392-93. The Supreme Court vacated the defendant's sentence, reasoning that the district court's statements reflected a possibility that the sentence was calculated with the intent of "ensur[ing] that [the defendant] receive certain rehabilitative services. And that a sentencing court may not do." *Id.* at 2393.

We have applied the *Tapia* rule in the context of revocation hearings. *See United States v. Garza*, 706 F.3d 655 (5th Cir. 2013).[3] In *Garza*, the sentencing court stated that the defendant "should be required or at least be

---

[3] In *Garza,* the *Tapia* Court's rule was applied to the context of revocation of supervised release. *Garza,* 706 F.3d at 657. Here, the government does not dispute that *Tapia* likewise applies to revocation of probation. Regardless, our ruling in *Garza* and the relevant statutes compel the application of *Tapia* to this case. *Id.* at 659 ("[W]e are bound to conclude that a sentencing court may not consider rehabilitative needs in imposing or lengthening *any term of imprisonment."*) (emphasis added). Applying the reasoning employed in *Garza*, the statute governing revocation of probation, 18 U.S.C. § 3565(a)(2), expressly directs federal courts to "resentence the defendant under subchapter A." Subchapter A allows courts to impose sentences of probation, a fine, or a "term of imprisonment as authorized by subchapter D." 18 U.S.C. § 3551(b). Subchapter D includes 18 U.S.C. § 3582(a), the statute relied upon by the *Tapia* Court to conclude that district courts may not impose or lengthen prison terms for the purposes of rehabilitation. Therefore, the statutory text bars a court from imposing or lengthening a prison term after revoking probation with the purpose of fostering rehabilitation.

given an opportunity to participate in that residential institution drug treatment program in order to get Garza straightened out." *Id.* at 660-61 (alteration and internal quotation marks omitted). The district court then engaged in a discussion with a representative from the probation department to determine the length of the rehabilitative programs available in prison. *Id.* at 661. Without reference to any other statutory sentencing factors or justifications for the sentence, the district court sentenced Garza to twenty-four months of imprisonment, reasoning that the sentence would be sufficient for the "short term programs," which "ought to be enough for him." *Id.* at 662. In vacating this sentence, we expanded upon the distinction that the *Tapia* Court first announced—explaining that "the distinction between legitimate commentary and inappropriate consideration [is] whether rehabilitation is a 'secondary concern' or 'additional justification' (permissible) as opposed to a 'dominant factor' (impermissible)." *Id.* at 660. We concluded that "[t]he record makes clear that Garza's rehabilitative needs were the dominant factor in the court's mind. Although the record suggests that the court might have been inclined to impose *some* upward departure in light of Garza's conduct, it relied *only* on Garza's rehabilitative needs in fixing the length of Garza's sentence." *Id.* at 662. We found that the error warranted reversal under the plain error standard of review. *Id.* at 662-63. Similarly, we have vacated a sentence under plain error review when the district court articulated only two factors for imposing a prison sentence, one of which was the court's perception of the defendant's anger management problem. *See United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (vacating the sentence because the district court violated *Tapia* when it reasoned that the defendant's need for anger management treatment "[has] got to be the basis for what good prison will do for this Defendant").

*Garza* and *Escalante-Reyes* each involved a clear violation of *Tapia*, in that the respective sentencing courts relied nearly exclusively on the defendant's need for rehabilitation in imposing and justifying a prison sentence. However, the concern for the defendant's rehabilitation does not need to be the only justification (as in *Garza*) or one of two justifications (as in *Escalante-Reyes*) for a district court to violate the Supreme Court's mandate in *Tapia*. Rather, we have found *Tapia* error when a sentencing court expressly relied on the 18 U.S.C. § 3553(a) sentencing factors if, despite the other proper justifications, the erroneous consideration of the need for rehabilitation is a "dominant" factor in the court's mind at sentencing. *See United States v. Culbertson*, 712 F.3d 235, 243 (5th Cir. 2013).

In *Culbertson*, the district court imposed a sentence three times the Guidelines recommendation, explaining that "[w]hat I'm trying to do here is give you a period of time where you can, once again, get clean and sober and stay clean and sober and come out after you serve your sentence and stop using drugs and stay on your meds. . . . I think you need that time to get yourself stabilized." *Id.* at 238. We vacated the sentence under plain error review, finding that although the sentencing court expressly considered the 18 U.S.C. § 3553(a) factors, the repeated emphasis on the defendant's need for rehabilitation and stability reveal "that a 'dominant factor' in imposing the sentence was Culbertson's need for rehabilitation." *Id.* at 242 (citing *Garza*, 706 F.3d at 662). Noting that the sentence was three times higher than the Guidelines recommendation, we found that this clear and obvious error substantially affected the defendant's rights and that the district court's multiple reiterations of its belief that Culbertson needed prison to stabilize himself "affected the 'fairness, integrity, or public reputation' of the sentencing proceeding," warranting reversal of the sentence. *Id.* at 244.

The court in *Culbertson* relied on our earlier decision in *Broussard*, which similarly found *Tapia* error when the district court "explicitly considered, in both selecting and imposing a term of incarceration, the need to incarcerate [the defendant] for treatment to address his problems." *United States v. Broussard*, 669 F.3d 537, 552 (5th Cir. 2012). Like in *Culbertson* and *Tapia* itself, the sentencing court in *Broussard* articulated other, proper factors during the sentencing hearing but in its reliance upon the defendant's need for rehabilitation, the court "skewed the sentencing determination" and imposed a sentence three hundred times longer than the Guidelines recommended. *Id.* at 555.

Comparatively, we have declined to find *Tapia* error when the district court merely advises the defendant of rehabilitative opportunities or expresses its hope that the defendant will take advantage of such rehabilitative programming while imprisoned. *See United States v. Receskey*, 699 F.3d 807, 808 (5th Cir. 2012) (finding that district court's mere discussion that it "would hope" defendant would participate in rehabilitative programming was insufficient to create *Tapia* error, particularly given the court's consideration of the factors under 18 U.S.C. § 3553(a)). Significantly, in *Receskey*, before sentencing the defendant, the district court expressly stated that a within-Guidelines sentence would not "begin to adequately and appropriately address" the proper statutory factors. *Id.* at 808. The district court then made a recommendation to the BOP for rehabilitative programming *after* imposing the prison sentence. *Id.* We explained that "[o]nly after [applying the statutory factors and imposing the sentence] did the court discuss opportunities for rehabilitation and urge Receskey to take advantage of them. . . . [The court's] concern over rehabilitation may have been an 'additional justification,' but it was not a 'dominant' factor in the court's analysis." *Id.* at 812. Likewise, in

*United States v. Tatum,* 512 F. App'x 402 (5th Cir. 2013) (unpublished), we reasoned that the district court's singular reference to the defendant's potential opportunity to participate in rehabilitative counseling services, alongside the court's proper consideration of deterrence and the protection of the public, did not violate *Tapia.  Id.* at 402 (upholding the sentence because a "review of the record convince[d] [the court] that the district court did not impose or lengthen Tatum's eighteen-month sentence on [the] basis [of the need for rehabilitative services]").

Thus, this circuit's relevant precedent distinguishes isolated references to rehabilitative opportunities from a district court's repeated emphasis on a defendant's perceived need for treatment.  Additionally, as noted *supra* we have repeatedly found that a court's express reference to the proper statutory factors does not necessarily cure *Tapia* error if a review of the record reveals that the court's consideration of the defendant's need for rehabilitation was the "dominant factor" in the court's imposition of the sentence.  *See, e.g.*, *Garza,* 706 F.3d at 660.

Here, the district court repeatedly expressed concern regarding Wooley's need for treatment and explicitly stated that treatment for his perceived drug problem was a *purpose* for sentencing Wooley to 30 months imprisonment—a prison sentence three times longer than the maximum recommended sentence under the Guidelines.  The court explained: "I know you don't think you have a problem, but . . . . I think . . . that you need help for I think a cocaine problem. So *in that regard* the Court is going to sentence you to 30 months imprisonment for *purpose*s of getting you that help."  Further, after referencing Wooley's urinalysis sample that contained trace amounts of cocaine, and stating that there is "something else . . . going on here," the court noted its desire that "this particular matter will be put to rest *as a result of whatever we do here.*"  The

district court again repeated its express purpose of confining the defendant to promote his rehabilitation after Wooley's counsel objected to the length of the sentence. The district court overruled the objection and defended its sentence as appropriate in part because Wooley "desperately needs" treatment. Although the court also stated that it had considered the 18 U.S.C. § 3553(a) factors, the only other clearly expressed justifications for the above-Guidelines sentence here were deterrence and to impress upon Wooley the importance of complying with the court's orders. While these are proper considerations at sentencing, the court's constant reference to the need to resolve Wooley's drug problem by sentencing him to a prison term violated *Tapia.*

The government argues that the record merely reflects the court's concern for Wooley's needs and the court's statements amount to no more than an "admonition to him that he may be eligible for assistance for drug issues in prison." Viewed in isolation, some of the district court's statements appear to be a mere recommendation to the BOP that Wooley participate in available programming. For example, the district court recommended to the BOP that, during his incarceration, Wooley be provided counseling and testing for substance-abuse consideration, and be considered for participation in a boot-camp program. These recommendations for treatment, standing alone, are not problematic and are explicitly permitted by the relevant caselaw. *See, e.g., Tapia,* 131 S. Ct. at 2392 ("[A] court may urge the BOP to place an offender in a prison treatment program."); *see also Receskey,* 699 F.3d at 812 (finding that the district court's comment that it "would hope" defendant would participate in rehabilitative programming was insufficient to create *Tapia* error). The sentencing court, here, however, went well beyond a mere recommendation to the BOP or discussion of concern for the defendant. Rather, the court explicitly stated that it was sentencing Wooley for "*purposes*" of getting him the help he

needs and so his untreated substance-abuse problem could be "put to rest."  As such, the district court violated the mandate of *Tapia*, because its primary or "dominant" concern was Wooley's need for drug treatment.  Like the district court in *Escalante-Reyes*, the sentencing court here *repeatedly*—both before and after articulating the sentence—expressed its belief that Wooley's need for drug treatment should be addressed by an imposition of a sentence of imprisonment.  *Escalante-Reyes*, 689 F.3d at 425 (reversing for *Tapia* error when the sentencing court's "*repeated emphasis* on the need for anger management treatment in prison was sufficient to undermine . . . confidence that the district court would have imposed the same sentence absent the error") (emphasis added).

The government additionally argues that the court's reference to the statutory sentencing factors forecloses a finding of *Tapia* error, suggesting that a district court violates *Tapia* only when the defendant's rehabilitative needs are the court's *sole* consideration in imposing the sentence.  In so arguing, the government appears to encourage this court to write an additional requirement into the standard for establishing *Tapia* error.  As explained *supra,* we have held that *Tapia* error occurs when rehabilitation is *a* dominant factor in the court's sentencing decision, and we have never required the appellant to establish that the court's improper reliance on rehabilitation considerations was the *sole* factor in sentencing.  Rather, both this court and the Supreme Court have reversed based on *Tapia* error even when the sentencing court relies on other, proper factors to determine the sentence.  *See Culbertson*, 712 F.3d at 243 ("Evidently, in both *Broussard* and *Tapia*, the sentencing courts expressly considered the § 3553(a) factors at much greater length than the sentencing court here, but both we and the Supreme Court vacated the sentences and remanded for resentencing nonetheless.").

13

Because the record reflects that Wooley's need for drug treatment was the dominant factor in imposing a sentence three times above the recommended Guidelines, we conclude that the district court committed a *Tapia* error.

**B.**

The parties dispute whether Wooley's counsel's objection to the sentence during the revocation hearing sufficiently preserved the issue on appeal and thus whether this court should apply the "plainly unreasonable" or "plain error" standard of review. "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) (citing *United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000)). Here, defense counsel's general objection to the unreasonableness of the above-Guidelines sentence did not sufficiently alert the sentencing court to the alleged *Tapia* error, as required by this circuit's precedent. *See, e.g.*, *United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009) ("Although Dunigan challenged reasonableness in district court, he did not do so on this specific ground. Where the defendant has failed to object on specific grounds to the reasonableness of his sentence, thereby denying the court the opportunity to identify and correct any errors, we review for plain error.") (internal quotation marks omitted); *see also United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007) ("Were a generalized request for a sentence within the Guidelines sufficient, a district court would not be given an opportunity to clarify its reasoning or correct any potential errors in its understanding of the law at sentencing, and its efforts to reach a correct judgment could be nullified on appeal. . . . Had the defense objected at sentencing, the court easily could have clarified or, if necessary, corrected itself. . . . Because it was not on notice

of the arguments Hernandez now presents, however, it was not given that opportunity. We therefore review the case only for plain error.") (citations omitted).

Moreover, on review of an alleged *Tapia* error, we have only applied the "plainly unreasonable" standard when counsel makes a contemporaneous, specific objection to the district court's consideration of the defendant's need for rehabilitation. *See, e.g., Receskey*, 699 F.3d at 809 (applying the plainly unreasonable standard when "counsel objected to the sentence as unreasonable, *particularly to the extent if the sentence is premised on the availability of rehabilitation programs* in prison") (emphasis added) (internal quotation marks omitted). By comparison, we have applied the plain error standard of review when counsel objected to the sentence as unreasonable, without specifically indicating the alleged *Tapia* error. *See Culbertson*, 712 F.3d at 243 (finding that defense counsel's objection to the "'substantive and procedural reasonableness of the sentence'" was insufficiently specific to preserve the *Tapia* error asserted on appeal); *Escalante-Reyes*, 689 F.3d at 423 (applying plain error review of a *Tapia* error when defendant's attorney "objected that the district court did not adequately explain its reasons for the length of the sentence"); *United States v. Tatum*, 512 F. App'x 402, 402 (5th Cir. 2013) (applying plain error review to an alleged *Tapia* error when counsel's objection below was that the sentence was "greater than necessary to satisfy the factors under 3553(a)").

Here, Wooley's counsel objected to the imposition of the above-Guidelines sentence, "in light of the fact that th[e sentence] is a significant variance from the guideline range that was applicable in this case . . . on the grounds that it is an unreasonable application of 18 United States Code, Section 3553 (a) and those sentencing factors." Other than denying that Wooley's noncompliance

was due to a substance-abuse problem, counsel did not indicate any objection to the district court's consideration of Wooley's perceived need for treatment. Wooley argues that defense counsel's objection sufficiently preserved the *Tapia* issue because counsel objected to the unreasonable application of the § 3553(a) factors, and an appellate court's analysis of the substantive reasonableness of a sentence under § 3553(a) includes whether the court considered an improper factor—such as the defendant's need for rehabilitation. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006) ("A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) *gives significant weight to an irrelevant or improper factor*, or (3) represents a clear error of judgment in balancing the sentencing factors.") (emphasis added). Wooley contends that his counsel's objection to the "significant variance" and "unreasonable application" of 18 U.S.C. § 3553(a) therefore preserved the *Tapia* issue because the objection implicitly included an argument that the court gave "significant weight to an . . . improper factor."

Our review of the record reveals that the sentencing court was aware only that Wooley was objecting generally to the court's upward variance and the length of his above-Guidelines sentence, but was not alerted to his much more specific objection now asserted on appeal. Wooley's counsel's general objection to the reasonableness of his sentence resembles the defense counsel's general objection in *Culbertson,* and is not nearly as specific as counsel's objection to the court's consideration of the defendant's rehabilitative needs in *Receskey,* and therefore is insufficient to preserve the error on appeal.

Because Wooley's counsel failed to object to the specific *Tapia* error, but instead vaguely objected to the upward variance as an unreasonable

application of the 18 U.S.C. § 3553(a) factors, we review the district court's sentencing decision under the plain error standard of review.

## C.

On plain error review, we retain discretion to reverse a sentencing court's error if we find that:

> (1) "there [is] an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*Escalante-Reyes,* 689 F.3d at 419 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). The four-step plain error test is "much more stringent and difficult than the standard of review that would otherwise apply"; however, we have emphasized that plain error review nonetheless is "protective" and "recognizes that in a criminal case, where a defendant's substantial personal rights are at stake, the rule of forfeiture should bend slightly if necessary to prevent a grave injustice." *Id.* at 422-23.

The first prong of our inquiry under plain error review was addressed *supra,* in which we found that the court "deviat[ed] from a legal rule" by imposing a thirty-month prison sentence based primarily upon Wooley's need for drug treatment. The second prong is likewise met because *Tapia* was settled law both at the time of sentencing and, importantly, at the time of this appeal. Thus, the error the sentencing court committed was clear and obvious.

The parties dispute the third prong of the plain error inquiry—whether the district court's error affected Wooley's substantial rights. This court in *Broussard,* analyzing the third prong of plain error review, looked to the

district court's express consideration of the defendant's need for rehabilitative services and the court's significant increase from the Guidelines recommended range to conclude that the court's *Tapia* error affected the defendant's substantial rights. *See Broussard*, 669 F.3d at 555. Here, the court sentenced Wooley to over three times the maximum recommended sentence under the Guidelines. Like in *Broussard*, the sentencing court announced other justifications for its sentence, including the need for deterrence and the need to impress upon Wooley the seriousness of his violations. The government points to these proper justifications to argue that even if there were *Tapia* error, Wooley's rights were not substantially affected by it.

Despite reference to these factors, the sentencing court repeatedly emphasized Wooley's "desperate[]" need for treatment and stated explicitly that the "purpose[]" of the sentence was to allow Wooley to get help for a cocaine problem. We conclude that Wooley's rights were substantially affected when the sentencing court ordered a significant upward variance, over three times the length of the Guidelines's recommendation, based predominantly upon its concern for his perceived substance-abuse problem.

Lastly, we retain discretion to reverse a sentence if the first three prongs of the plain error inquiry are met and if we find that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Escalante-Reyes*, 689 F.3d at 419 (quoting *Puckett*, 556 U.S. at 135 (2009)). This circuit has repeatedly emphasized that even when we find that the first three factors have been established, this fourth factor is not "automatically satisfied." *Garza*, 706 F.3d at 663. Rather, we should reserve our discretion for "'those circumstances in which a miscarriage of justice would otherwise result.'" *Escalante-Reyes*, 689 F.3d at 425 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). We have previously held that the exercise of discretion

to reverse a sentence is warranted when a district court's *Tapia* error results in the imposition of a sentence "three times in excess of [the] advisory range." *Culbertson*, 712 F.3d at 244. Because the district court improperly considered Wooley's perceived rehabilitation needs in imposing a prison term over three times greater than the Guidelines maximum recommendation, the failure to reverse this decision would negatively affect that "fairness, integrity or public reputation" of the sentencing proceeding and result in a miscarriage of justice because it would permit a district court to impose a substantial upward variance based upon a factor that has been clearly prohibited by the Supreme Court and Congress. *Tapia*, 131 S. Ct. at 2391; *see also* 18 U.S.C. § 3582(a). "[W]ere [this court] not to correct the error, the end result would be a sentence . . . which the court lacked the power to craft as it did." *United States v. Garcia-Quintanilla*, 574 F.3d 295, 304 (5th Cir. 2009).

### III.

The sentencing court committed a legal error when it based Wooley's above-Guidelines sentence upon his perceived need for drug treatment. The district court's error was clear or obvious, the error affected Wooley's substantial rights, and affected the fairness and integrity of the proceedings. Accordingly, we VACATE the sentence and REMAND to the district court for resentencing in light of this opinion.