# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40137
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERIBERTO TELLEZ-MEZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-345-1

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:*

Heriberto Tellez-Meza (Tellez) appeals his 30-month sentence, which was an upward variance from the guidelines range, following his guilty plea conviction for illegal reentry. Tellez argues that the district court varied from Federal Rule of Criminal Procedure 32 because in failing to provide him notice of information that it would rely on to vary upward, it denied him an opportunity to comment on sentencing matters.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40137

Because Tellez did not sufficiently alert the district court to the nature of the alleged Rule 32 violations he argues on appeal, we review the district court's compliance with Rule 32 for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Wooley*, 740 F.3d 359, 367 (5th Cir. 2014). Under plain error review, Tellez has the burden of showing a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 135.

Tellez fails to show that the district court varied from Rule 32 because Tellez was allowed to comment on the information on which the district court based its sentence. Even if, for the sake of argument, the district court varied from Rule 32 as Tellez alleges, he cannot show that the district court's alleged variance affected the fairness of the proceedings, given that the Marshals' Field Report contained in the Presentence Report (PSR) identified Tellez as an assailant in the beating and Tellez did not rebut the PSR.

Tellez also argues that the district court procedurally erred because it did not resolve the factual dispute regarding whether he acted in self-defense in the gang incident, as was required by U.S.S.G § 6A1.3 (p.s.) and Federal Rule of Criminal Procedure 32(i)(3)(B). We need not reach whether Tellez preserved this issue because he fails to show that the district court committed error, plain or otherwise. *See Puckett*, 556 U.S. at 135. Tellez's contention is belied by the record, which reflects that the district court informed Tellez that the evidence did not support his contention that Rosales assaulted him first.

Accordingly, Tellez's sentence is AFFIRMED.