# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30137

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WENDY BERGERON,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CR-199

Before JONES, WIENER, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Wendy Bergeron pleaded guilty to possession of a stolen firearm, and was sentenced to probation. While on probation, she repeatedly tested positive for cocaine use, among other violations. Her probation officer moved to revoke her probation. At her revocation hearing, the district court sentenced Bergeron to twenty-four months in prison, the top of her advisory Guidelines range. Bergeron appeals her sentence, arguing that it was impermissibly based on the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30137

court's perception of her rehabilitation needs in violation of *Tapia v. United States*, 564 U.S. 319, 131 S. Ct. 2382 (2011). After reviewing the record and applicable case law, we AFFIRM.

## BACKGROUND

The facts in this case are straightforward and undisputed. Wendy Bergeron pleaded guilty to possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Her advisory Guidelines imprisonment range was eighteen to twenty-four months, but the district court deviated downward and imposed three years of probation instead of prison time. While on probation, Bergeron was prohibited from purchasing, possessing, using, or distributing drugs, and had to participate in a drug testing and treatment program, among other requirements. She was unable to comply, however, and tested positive for cocaine use four times in late 2014. In January 2015, Bergeron admitted that she had been using cocaine, even after the four failed drug tests. Her probation officer recommended that her term of supervised release be revoked because she had violated the conditions of her release, specifically by: (1) using cocaine; (2) failing to report for drug testing and treatment; (3) failing to advise her probation officer that she had been fired from her job and evicted from her residence; and (4) failing to report that she had received a speeding ticket.

Bergeron admitted to each of these charges during her revocation hearing, stated that she was a drug addict, and requested treatment in Cenikor, a long-term drug treatment program. The district judge agreed with Bergeron's attorney that she was "in desperate need of help," and said that he did not "know about Cenikor, but [did] know about one program." The judge found that Bergeron violated her probation, revoked her probation, and ordered her to serve twenty-four months in prison followed by two years of supervised release. The judge then said that he was "going to refer [Bergeron]

2

No. 15-30137

to the Bureau of Prisons' residential drug abuse program," noting that, "[a]s a matter of fact, 24 months is the minimum amount that I can give you to get you into that program." Bergeron's attorney objected, arguing that the court was not "supposed to take her need for drug treatment in that 24-month program into account in imposing a sentence on her" under *Tapia*. The judge responded by asking her counsel if he did not want the judge to recommend the treatment program, to which counsel replied, "[i]t is what it is." The judge then clarified, "[a]s a matter of fact, 24 months was the guideline range initially, so I'm in the guideline range from before she ever violated anything, but appeal if you wish." Bergeron timely filed a notice of appeal.

## STANDARD OF REVIEW

When, as here, a defendant preserves her objection for appeal, "we review a sentence imposed on revocation of supervised release under a 'plainly unreasonable' standard, in a two-step process." *United States v. Warren,* 720 F.3d 321, 326 (5th Cir. 2013). "First, we 'ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range.'" *Id.* (quoting *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012)). Second, if there is no procedural error, "this court [] considers the substantive reasonableness of the sentence imposed." *Kippers*, 685 F.3d at 497. If the sentence is unreasonable, "we may reverse the district court only if we further determine 'the error was obvious under existing law.'" *Warren*, 720 F.3d at 326 (quoting *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011)).

## DISCUSSION

In *Tapia*, the Supreme Court held that sentencing courts are prohibited "from imposing or lengthening a prison term to promote an offender's

rehabilitation." 131 S. Ct. at 2391. On appeal, Bergeron argues that the district court erred under *Tapia* because "the sole motivating force behind the sentence was the district court's desire to see that Ms. Bergeron receive drug treatment while imprisoned."

We find Bergeron's argument unpersuasive for two reasons. First, the record is not clear that rehabilitation—the residential drug treatment program—was the reason the district court imposed Bergeron's prison sentence. The district court (1) found that Bergeron violated her probation; (2) revoked her probation; and (3) ordered her to serve twenty-four months in jail, which was the top of the advisory Guidelines range for her original offense of conviction. Only after making these findings did the court refer Bergeron to the Bureau of Prisons' residential drug abuse program. And this recommendation was likely in response to the fact that both before and during her revocation hearing, Bergeron's counsel recommended that the court send her to a long-term treatment program. After imposing her sentence, and after referring her to the drug abuse program, the district judge observed that "[a]s a matter of fact, 24 months is the minimum amount that I can give you to get you into that program." Phrased as an afterthought, this observation supports our conclusion that the drug abuse program was not the reason that the district court imposed Bergeron's sentence. *See United States v. Receskey*, 699 F.3d 807 (5th Cir. 2012) (finding no *Tapia* error when the district court first announced the thirty-month sentence, and then spoke about the defendant participating in the Bureau of Prisons' drug treatment programs).

Second, when Bergeron's counsel made the *Tapia* objection, the district judge responded by asking if counsel did not want the court to recommend the drug treatment program. This inquiry also supports our conclusion that the district court's reference to the drug abuse program was intended as a treatment recommendation and not a basis for Bergeron's sentence. The

district judge did not respond to the *Tapia* objection by justifying the twenty-four month sentence on Bergeron's need for treatment. *Cf. United States v. Wooley*, 740 F.3d 359, 362 (5th Cir. 2014) (finding a *Tapia* violation when, among other reasons, in response to an objection the district judge stated that one sentencing factor was "treatment that I think he desperately needs" (emphasis omitted)). Instead, the district judge clarified that "24 months was the guideline range initially," indicating that the Guidelines range—and not rehabilitation—was the basis for Bergeron's specific sentence.

Finally, the cases that Bergeron cites as supporting her *Tapia* argument are distinguishable. In all three cases, the district judge *lengthened* the defendant's recommended prison sentence in excess of the Guidelines range and explicitly stated that rehabilitation or participation in a drug treatment program was at least a contributing factor in reaching that sentence. *See, e.g.*, *Wooley*, 740 F.3d at 360, 369-70 (three- to nine-months Guidelines range; thirty-month sentence based in part on getting the defendant help for a cocaine problem); *United States v. Culbertson*, 712 F.3d 235, 237-38, 244-45 (5th Cir. 2013) (five- to eleven-months Guidelines range; thirty-month sentence based in part on giving the defendant "a period of time where [he] can, once again, get clean and sober and stay clean and sober"); *United States v. Garza*, 706 F.3d 655, 660-62 (5th Cir. 2013) (three- to nine-months Guidelines range; twenty-four month sentence based in part on the court's desire that the defendant participate in a residential drug treatment program). Neither of those conditions is present here, as discussed above.

The Supreme Court was clear in *Tapia* that "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs," and explained that "a court may urge the [Bureau of Prisons] to place an offender in a prison treatment program." 131 S. Ct. at 2392. We conclude that the district court did not base

No. 15-30137

Bergeron's within-Guidelines sentence on her need for rehabilitation. Therefore, her sentence is not plainly unreasonable.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.