# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10970
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMILIO GARCIA GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-37-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Emilio Garcia Garcia appeals the sentence imposed following his guilty plea conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326. Garcia argued that a downward departure was warranted based on two factors: his time served in state custody and his cultural assimilation. The district court declined to depart from the guidelines and sentenced Garcia within the guidelines range to 17 months of imprisonment. The district court

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

noted that a within-guidelines sentence was adequate to "reflect the seriousness of the offense conduct, as well as the statutory sentencing factors of [18 U.S.C.] § 3553(a)" and that there was "no reason to vary from the Guidelines." Garcia argues that his sentence is both procedurally and substantively unreasonable.

To the extent that Garcia argues that the district court erred by denying his motion for a downward departure, the record does not reflect that the district court mistakenly believed it lacked authority to depart. Thus, we lack jurisdiction to review the propriety of the district court's decision to deny a downward departure. *See United States v. Jefferson*, 751 F.3d 314, 322-23 (5th Cir. 2014).

We review Garcia's argument that the district court failed to adequately address his time served in state custody in imposing the 17-month sentence for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Wooley*, 740 F.3d 359, 367 (5th Cir. 2014). Although the district court did not provide specific reasons for rejecting Garcia's argument, its failure to do so did not constitute plain error given that the district court read Garcia's written submission, listened to his arguments at sentencing, expressly rejected the argument, and concluded that a sentence within the guidelines range was adequate to address the § 3553 sentencing goals. *See Puckett*, 556 U.S. at 135; *Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).

Further, although Garcia argues that his 17-month sentence is substantively unreasonable because the district court failed to take into account his cultural assimilation as a factor under § 3553(a), he has failed to overcome the presumption of reasonableness afforded his within-guidelines

No. 17-10970

sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.