# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 18-50584
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS URIAS-MARQUEZ,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CR-381-4

—————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Luis Urias-Marquez appeals the 24-month sentence imposed upon the revocation of his supervised release.  He contends that the district court impermissibly based the sentence on a perceived need for retribution.  Because Urias-Marquez did not object to the revocation sentence, we review for plain error.  *See United States v. Wooley*, 740 F.3d 359, 367-68 (5th Cir. 2014); *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50584

*States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (plain error standard).

Urias-Marquez fails to show error, under the plain error standard or any other appellate review standard. He fails to point to anything supporting his speculative assertion that the district court based his sentence on the need for retribution. *See United States v. Sanchez*, 900 F.3d 678, 683-85 (5th Cir. 2018). He also fails to show that the sentence is substantively unreasonable as he fails to show that the sentence "does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors." *Id.* at 685 (internal quotation marks and citation omitted). The judgment is AFFIRMED.