# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE MADRID-URIARTE,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-200-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Jorge Madrid-Uriarte appeals the above-guidelines sentence of 71 months of imprisonment imposed following his guilty plea conviction for illegal reentry into the United States after removal. He contends the district court improperly considered his unadjudicated arrests at the sentencing hearing. According to Madrid-Uriarte, when the district court stated that it had tentatively decided to overrule his objections to the presentence report (PSR)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"for the reasons argued by the Government in response to the defendant's objections," the district court concluded that his unadjudicated arrests constituted "credible information that [Madrid-Uriarte] has engaged in other criminal activity." He maintains that he preserved this issue for appellate review because he stated in his objections to the PSR that the court should consider his "convictions rather than underlying criminal conduct."

Claims of procedural error at sentencing are ordinarily reviewed de novo, *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012), but plain error review applies if the error was not preserved in the district court, *United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010). "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Wooley*, 740 F.3d 359, 367 (5th Cir. 2014) (internal quotation marks and citation omitted). Madrid-Uriarte's arguments in the district court did not alert the district court to consider the specific argument he is raising on appeal and did not provide the court the opportunity to clarify whether it had considered Madrid-Uriarte's arrest record in determining the appropriate sentence. Therefore, review is limited to plain error. *See id.* To establish plain error, he must show a forfeited error that is clear and obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Although the district court stated that it was tentatively overruling Madrid-Uriarte's objections for the reasons given by the Government in its response to his objections at the beginning of the sentencing hearing, the court

did not expressly state that it had considered Madrid-Uriarte's arrest record. After considering the parties' arguments and Madrid-Uriarte's allocution, the district court gave the following extensive reasons for the sentence imposed. Madrid-Uriarte's criminal history category substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes.  He had a lengthy criminal history, beginning in 2001 and continuing until his arrest for this offense.  In addition, Madrid-Uriarte had been removed to Mexico on seven prior occasions.  His prior sentences and his prior removals did not deter him from returning to the United States illegally and committing further crimes.  The court adopted the PSR, and its statements at sentencing reflect that it relied on the PSR's statements concerning factors that might warrant an upward departure or variance.  In view of the entire record, the district court's statements at the sentencing hearing do not establish that it improperly considered Madrid-Uriarte's arrest record.  To the extent that the district court's statements could be construed as ambiguous because it adopted the Government's response, any error was not of the clear or obvious type required by the plain error standard.  *See United States v. Ibarra-Zelaya*, 465 F.3d 596, 607 (5th Cir. 2006) ("Because the error, if there was error, is based on an ambiguous statement, there can be no relief under the plain error standard.").

AFFIRMED.