# United States Court of Appeals for the Fifth Circuit

---

No. 23-10511
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 20, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALLEC SHANIA HAMM,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-630-13

---

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant–Appellant Allec Shania Hamm appeals the above-guidelines sentence imposed on revocation of her three-year term of probation following her guilty plea conviction for misprision of a felony. She challenges her revocation sentence as both procedurally and substantively unreasonable.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10511

Hamm did not raise any specific objections regarding procedural error in the district court, so we review those matters for plain error. *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012); *United States v. Coto-Mendoza*, 986 F.3d 583, 586 (5th Cir. 2021). Hamm must identify an error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes these showings, this court only has the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *See id.* (internal quotation marks, alteration, and citation omitted).

Hamm first contends that the district court erroneously failed to consider the 18 U.S.C. § 3553(a) factors in fashioning her sentence. However, in light of the parties' arguments at the revocation hearing and the reasons that the district court articulated for imposing Hamm's sentence, we conclude that it implicitly considered the relevant statutory factors. *See Kippers*, 685 F.3d at 498–99; *United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008) ("[A] district court need not recite each of the § 3553(a) factors."). The district court discussed Hamm's drug use, her criminal record, and the number of chances she had been given previously. These considerations encompass the circumstances and seriousness of Hamm's violations, her history and characteristics, and the need to promote respect for the law and afford adequate deterrence. *See* 18 U.S.C. § 3553(a).

Hamm also complains that the district court found that she committed child abuse despite a lack of evidence to support that disputed charge. But the court's statement during the hearing, as well as its written judgment, demonstrate that the sentence did not take into consideration the child abuse allegation. Similarly meritless is Hamm's assertion that the district court erred in imposing a sentence of incarceration to promote rehabilitation, as the court made clear that incapacitation and deterrence, not rehabilitation, were the "dominant factor[s]" in determining her sentence. *See United*

*States v. Wooley*, 740 F.3d 359, 364–65 (5th Cir. 2014). Finally, Hamm criticizes the district court's characterization of the sentence as an upward departure without identifying a departure provision in the Sentencing Guidelines. However, the record belies this assertion, and Hamm has not even attempted to show that this alleged error satisfies the fourth prong of plain error review given that her written revocation judgment states that she was acquitted of the child abuse allegation. *See United States v. Caravayo*, 809 F.3d 269, 273–74 (5th Cir. 2015) ("We have refused to correct plain errors when, as here, the complaining party makes no showing as to the fourth prong." (internal citation and alteration omitted)). The district court made no procedural errors when it sentenced Hamm.

Because Hamm objected generally to the reasonableness of her sentence at the revocation hearing, we review her substantive-reasonableness arguments for abuse of discretion. *See Kippers*, 685 F.3d at 499–500. "A revocation sentence 'is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.'" *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (quoting *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013)). Our review of the reasonableness of a sentence is highly deferential. *Id.*

Hamm insists that her 18-month revocation sentence is substantively unreasonable. She claims that the sentence "does not account" for the relevant statutory factors. *See id.* As explained above, however, the record shows that the court implicitly considered such factors. *See Kippers*, 685 F.3d at 500. Hamm also alleges that the district court incorrectly balanced these factors by expressly disavowing one of them, *viz.*, the need to provide her with medical care and correctional treatment. *See* 18 U.S.C. § 3553(a)(2)(D). However, the court did consider that factor, acknowledging that Hamm

"need[ed] some help" for her addiction. It decided to give less weight to that factor in light of the prior leniency shown to Hamm and the seriousness of the allegations against her. Doing so does not constitute a "clear error of judgment." *See Cano*, 981 F.3d at 427.

Finally, Hamm contends that the district court impermissibly based its sentence on the disputed allegation of child abuse, an "irrelevant or improper factor." *See id.* As noted above, however, the court twice stated that it did not take the allegation of child abuse into consideration. Even if it had, however, the court, would not have erred because that allegation was "supported by evidence" and contained sufficient "indicia of reliability, such as the factual underpinnings of the conduct giving rise to the arrest." *See United States v. Foley*, 946 F.3d 681, 687 (5th Cir. 2020). The evidence before the court of Hamm's child abuse included (1) a revocation petition with a detailed factual basis, (2) the sheriff's incident report, and (3) the testimony of Hamm's probation officer. And Hamm herself admitted some of the facts underlying the allegation. Even if we assume *arguendo* that the court partially based its sentence on the child-abuse allegation, there was no error: That allegation is supported by sufficiently reliable evidence. *See id.*; *see also United States v. Weatherton*, 567 F.3d 149, 153–54 (5th Cir. 2009).

AFFIRMED.