# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2026

Lyle W. Cayce
Clerk

No. 25-60479
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES EDWARD JOHNSON, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:05-CR-20-1

Before ELROD, *Chief Judge*, and SMITH and STEWART, *Circuit Judges*.
PER CURIAM:[*]

James Edward Johnson, Jr., appeals the 36-month term of imprisonment imposed following the revocation of his supervised release. He raises two issues. First, he argues that the district court impermissibly lengthened his revocation sentence based on its perception of his rehabilitative needs. Second, he contends that his revocation sentence,

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

which was above the range recommended by the Sentencing Guidelines policy statement, is substantively unreasonable. The Government agrees that the court erred when it based Johnson's sentence on Johnson's need for drug rehabilitation and moves this court to remand for resentencing. Johnson opposes the Government's motion and, alternatively, moves this court to reassign the case on remand. The Government opposes reassignment.

Regarding Johnson's first argument, this court must independently review the sentence imposed even though both parties agree that the district court erred. *See United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013). Review is for plain error because Johnson did not sufficiently alert the sentencing court to this specific issue. *See United States v. Wooley*, 740 F.3d 359, 367 (5th Cir. 2014). To demonstrate plain error, he must show (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects the appellant's substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, we may, in our discretion, remedy the error but should do so only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal citation omitted) (modification in original).

The district court plainly erred. A sentencing court is precluded "from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. Unites States*, 564 U.S. 319, 332 (2011). In this case, the need for drug rehabilitative treatment was a dominant factor informing the selection of the revocation prison sentence. *See United States v. Rodriguez-Saldana*, 957 F.3d 576, 579 (5th Cir. 2020). Furthermore, the error was clear "because *Tapia* was settled law both at the time of sentencing and, importantly, at the time of this appeal." *Wooley*, 740 F.3d at 369. Finally, the error affected Johnson's substantial rights because his sentence above the policy statement range was based predominantly upon this error, *see id.*, and

failure to correct this error would seriously affect the fairness, integrity, or public reputation of the judicial system, *see Puckett*, 556 U.S. at 135; *Wooley*, 740 F.3d at 369-70. Therefore, we remand the case for resentencing without reaching Johnson's substantive reasonableness argument.

As for whether reassignment is needed on remand, we employ two tests "while expressly declining to adopt one test or the other." *In re DaimlerChrysler Corp.*, 294 F.3d 697, 701 (5th Cir. 2002). Under the first test, we consider three factors: (1) "whether the original judge would reasonably be expected upon remand to have substantial difficulty" in putting aside his previously expressed but inappropriate views, (2) "whether reassignment is advisable to preserve the appearance of justice," and (3) "whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Johnson v. Sawyer*, 120 F.3d 1307, 1333 (5th Cir. 1997) (citations omitted). For the second test, we ask if there is actual bias or an objective appearance of bias. *See M.D. ex rel. Stukenberg v. Abbott*, 119 F.4th 373, 386 (5th Cir. 2024), *cert. denied*, 146 S. Ct. 99 (2025). Neither test is satisfied here.

Accordingly, we GRANT the Government's motion, VACATE the sentence imposed by the district court, REMAND for resentencing not inconsistent with this opinion, and DENY Johnson's motion for reassignment on remand.