United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30618
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES JOSEPH OWENS, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-20018
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges,

PER CURIAM:[*]

James Joseph Owens, Jr. pleaded guilty to conspiracy to possess with intent to distribute cocaine, marijuana, methamphetamine, and ecstacy, in violation of 18 U.S.C. § 846, for which he was sentenced to the mandatory minimum 120-month term of imprisonment, and to "possession of a firearm during and in relation to a drug trafficking crime," in violation of 18 U.S.C. § 924(c)(1), for which he was sentenced to the mandatory 60-month term of imprisonment. Owens challenges the sufficiency of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual basis to support his conviction for possessing a firearm in furtherance of a drug trafficking crime. The Government concedes that, to the extent the indictment charged Owens with possessing a firearm in furtherance of a drug trafficking offense, the stipulated facts and Owens's admissions do not support his conviction.

"[Section] 924(c) criminalizes two separate offenses--(1) using or carrying a firearm during and in relation to a drug trafficking crime, and (2) possessing a firearm in furtherance of a drug trafficking crime." United States v. Combs, 369 F.3d 925, 931 (6th Cir. 2004) (emphasis omitted). The indictment did not charge Owens with using or carrying a firearm. Thus, we assume arguendo that the indictment charged Owens with possessing a firearm in furtherance of a drug trafficking crime.

The record as a whole does not show that Owens's possession of firearms furthered, advanced, or helped forward his drug trafficking activities. See United States v. Ceballos-Torres, 218 F.3d 409, 410-11 (5th Cir. 2000). Because the conduct to which Owens admitted does not constitute the crime of possessing a firearm in furtherance of a drug trafficking offense and added 60 months to his sentence, the district court's error in accepting Owens's plea of guilty to this offense was plain error which affected Owens's substantial rights. See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); United States v. Castro-Trevino, 464 F.3d 536, 544 (5th Cir. 2006). A guilty plea

based on facts insufficient to support a conviction "'colors the fundamental fairness of the entire proceeding.'" <u>United States v. Palmer</u>, 456 F.3d 484, 491 (5th Cir. 2006) (quoting <u>Kennedy v. Maggio</u>, 725 F.2d 269, 273 (5th Cir. 1984)). Accordingly, we exercise our discretion to correct the error on appeal.

We AFFIRM Owens's conviction for conspiracy to possess with intent to distribute controlled substances under 18 U.S.C. § 846 but VACATE his conviction for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). We REMAND for further proceedings in accordance with this opinion.

Counsel's outstanding motion to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967), is DENIED.

CONVICTION AFFIRMED IN PART, VACATED AND REMANDED IN PART.