# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-20394
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN PEDRO MIRELES-HERNANDEZ

Defendant-Appellant

- - - - - - - - - - - - - - - - - - - - - - - - -

consolidated w/

No. 08-40602
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN PEDRO MIRELES-HERNANDEZ, also known as Juan Pedro Mireles

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-796-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Luna-Hernandez appeals his guilty plea conviction of conspiracy to possess with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. §§ 841 and 846. Luna-Hernandez argues that the factual basis articulated in the district court is insufficient to establish the elements of the crime and that the district court erred by accepting the guilty plea. He contends that he repeatedly denied that he had prior knowledge that he was engaged in an illicit conspiracy that specifically involved the distribution of drugs.

"Guilty pleas are reviewed for compliance with [FED. R. CRIM P.] 11." *United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006). Because Hernandez-Luna did not object to the Rule 11 proceedings in the district court, review is for plain error. *See id.* at 541. To show plain error, Hernandez-Luna must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* He must show a reasonable probability that, but for the alleged Rule 11 error, he would not have entered the guilty plea. *United States v. Molina*, 469 F.3d 408, 412 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Before entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11 (b)(3); *Castro-Trevino*, 464 F.3d at 540. The factual basis must appear in the record and must be sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal. *Castro-Trevino,* 464 F.3d at 540. A district court must compare the conduct to which the defendant admits with the elements of the offense charged to insure that the conduct falls within the charge. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001).

To prove conspiracy to possess with intent to distribute narcotics, the Government must establish: (1) the existence of an agreement between two or more persons to possess with the intent to distribute illicit drugs, (2) knowledge of the agreement on the part of the defendant, and (3) voluntary participation in the agreement by the defendant. *United States v. Gonzales*, 79 F.3d 413, 423 (5th Cir. 1996). In the instant case, there was sufficient evidence to permit a finding that Hernandez-Luna was involved in a narcotics conspiracy. Although Hernandez-Luna stated that he was not certain that he was transporting narcotics, the evidence at rearraignment suggested that he believed that he was transporting goods for a drug trafficker and that his actions were designed to promote the trafficker's activities. *See United States v. Westbrook*, 119 F.3d 1176, 1189-90 (5th Cir. 1997) (holding that knowing participation in the larger objectives of the conspiracy is sufficient to find defendant was a conspirator). The PSR's factual findings, which Hernandez-Luna failed to rebut, also indicated that Hernandez-Luna understood the illicit nature of the goods that he was transporting and that he understood that his conduct would facilitate the trafficker's pursuits. *Cf.* FED. R. CRIM. P. 11 (b)(3) (noting that district court must determine factual basis "[b]efore entering judgment"). Hernandez-Luna's denials do not preclude his conviction of conspiracy because his admitted conduct

3

shows that he was committed to aiding the trafficker's venture. *See Marek*, 238 F.3d at 315.

However, even if the district court erred by failing to elicit Hernandez-Luna's admission of facts sufficient to establish that he conspired to possess with intent to distribute narcotics, he has failed to show that he was prejudiced by the district court's error. *See Baker*, 538 F.3d at 332. He specifically has failed to show that, but for the alleged error, he would not have entered a guilty plea. *See Molina*, 469 F.3d at 412. Hernandez-Luna did not attempt to withdraw his plea at any time before the district court and he does not do so on appeal. He does not request the opportunity to go to trial and he has not directed this court to any portion of the record demonstrating that his plea decision was affected by the alleged error. *Id.* Thus, he has failed to demonstrate a reasonable probability that he would not have pled guilty if the trial court had solicited his admission of additional facts sufficient to support his plea. *Id.*

Hernandez-Luna also appeals the district court's revocation of his supervised release for his prior illegal reentry conviction. He argues that the district court based its revocation judgment and sentence solely on his guilty-plea conviction of the conspiracy charge. He contends that the district court's failure to insure that there was an adequate factual basis for the plea mandates that the judgment of revocation or his revocation sentence also be vacated.

As discussed above, Hernandez-Luna's guilty plea was valid. Therefore, because there is no basis upon which to vacate Hernandez-Luna's conspiracy conviction and sentence, there are no grounds upon which to conclude that the revocation judgment or sentence were improper. Furthermore, even if there was an insufficient basis upon which to convict Hernandez-Luna of the conspiracy charge, there was an adequate basis for revocation. Specifically, Hernandez-Luna admitted and pleaded true to the revocation petition, which alleged, inter alia, that Hernandez-Luna possessed marijuana and methamphetamine. The

district court is required to revoke supervised release and impose a term of imprisonment if a defendant on supervised release possesses a controlled substance during the period of supervised release. *See* 18 U.S.C. § 3583(g); *United States v. McCormick*, 54 F.3d 214, 221 (5th Cir. 1995).

Accordingly, the district court's judgment is AFFIRMED.