# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2010

No. 09-30249
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HARRY TEMPLE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-422-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Harry Temple challenges his guilty plea for three counts of access device fraud, in violation of 18 U.S.C § 1029(a)(3), (a)(4), (a)(8), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(c)(4).  Temple attached parasitic skimming devices[1] to two automated teller machines (ATMs) in Metairie, Louisiana.  He used these devices to capture at least one person's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] A parasitic skimming device is an electronic device that captures credit card account numbers.

credit card number, a Nevada resident, which Temple used to purchase merchandise at a Home Depot located in Covington, Louisiana.

Temple argues that the factual basis to which he pleaded guilty was insufficient to prove that his crimes affected interstate commerce. Temple reasons that the factual basis does not contain information that his victim lives outside of Louisiana, that the credit card was issued by an out-of-state bank, or that any payment crossed state lines.

Because Temple raises this issue for the first time on appeal, it is reviewed for plain error. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001). To demonstrate plain error, Temple must show "(1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights." *Id.* "If these factors are established, the decision to correct the forfeited error still lies within [the court's] sound discretion, which [it] will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Regardless of whether the factual basis was sufficient to show that Temple's crimes affected interstate commerce, Temple cannot demonstrate plain error because he has failed to allege that any error "affected the outcome of the district court proceedings." *United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir. 2009), *cert. denied*, 2009 WL 1615546 (Oct. 5, 2009) (No. 08-1517). That is, in his opening brief, Temple nowhere argues that he would not have pleaded guilty, but for the district court's determination that the factual basis was sufficient. Additionally, Temple's allegation, raised for the first time in his reply brief, that he "would not have pled guilty to a crime he did not commit" should not be considered and is nevertheless unsupported by the record. *See United States v. Fields*, 483 F.3d 313, 352 n.36 (5th Cir. 2007). Accordingly, Temple fails to show that the purported error affected his substantial rights, and he therefore fails to show plain error. *Fernandez*, 559 F.3d at 316. AFFIRMED.

2

Finally, the Government filed a motion to dismiss Temple's appeal based on the appeal waiver and the fact that Temple cannot demonstrate plain error. In light of the foregoing, that motion is denied as moot.  DENIED.