# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40131

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

GREG KEYSHUN MONROE,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-235

Before STEWART, Chief Judge, and CLEMENT and ELROD, Circuit Judges.

PER CURIAM:*

　　After being indicted for conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, Defendant-Appellant Greg Keyshun Monroe ("Monroe") pleaded guilty pursuant to a plea agreement. The district court accepted Monroe's guilty plea and sentenced him within the relevant Guidelines range to sixty-three months of imprisonment and four years of supervised release. Though he raised no objections in the district court,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40131

Monroe now challenges his conviction and contends that the district court did not have a sufficient factual basis to accept his plea. Because Monroe has not satisfied the third and fourth prongs of the plain error standard, we AFFIRM his conviction.

I.

On October 5, 2012, the United States Drug Enforcement Administration ("DEA") received information from a confidential source (the "CS") indicating that the CS and Monroe had previously been involved in drug trafficking. The CS stated that Monroe was still involved in drug trafficking and that Monroe wished to purchase two kilograms of cocaine. Under the DEA's direction, the CS agreed to meet with Monroe at a Dallas Wal-Mart to facilitate the transfer of cocaine. DEA agents established surveillance at the Wal-Mart, and the CS and Monroe had a brief meeting in Monroe's vehicle. After the meeting, the CS informed DEA agents that Monroe had money to purchase cocaine in his vehicle.

After being stopped by a Dallas police officer, Monroe consented to a search of his vehicle, which led to the discovery of a gym bag containing $64,800 in U.S. currency wrapped in rubber bands and plastic wrapping, a digital scale, plastic wrap, a vacuum sealer, a whisk, a metal cooking pot, an unopened box of baking soda, gloves, and a mask. Monroe was arrested. After being arrested, Monroe informed an interviewing officer that the money in his vehicle was to purchase 1 to 1½ kilograms of cocaine. He further explained that he recently decided to get back into buying and selling cocaine.

The DEA filed a criminal complaint against Monroe which charged him with conspiring "to possess with the intent to distribute 5 kilograms or more . . . of cocaine" in violation of 21 U.S.C. §§ 841(a)(1) and 846. A federal grand jury returned an indictment charging the same as the criminal complaint. On June 3, 2013, the Government filed a one-count Information

No. 14-40131

charging that Monroe "did knowingly and intentionally combine, conspire, and agree with other persons known and unknown to knowingly and intentionally possess with intent to distribute at least 500 grams but less than 2 kilograms . . . of cocaine." Monroe pleaded guilty to the Information pursuant to a plea agreement.

In connection with the plea agreement, Monroe stipulated to a Statement of Facts in Support of Plea Agreement (the "Factual Resume"). The Factual Resume recited the elements of the offense and specifically stated that "Monroe and one or more persons in some way or manner made an agreement to commit the crime charged in the Information." The Factual Resume further stated that "Monroe's role in this conspiracy was to obtain cocaine from a source[,] which would then be distributed to others during the term of the conspiracy." At rearraignment, the magistrate judge asked Monroe to explain what exactly he had done. In response, Monroe explained that he "met a guy to purchase something, some -- a kilogram of cocaine from him. Didn't know he was an informant." The magistrate judge then asked, "[b]ut it was part of the conspiracy?" Monroe responded, "I guess so, yes, sir."

Monroe now appeals his conviction and contends that the district court committed plain error in accepting his guilty plea when it was not supported by a sufficient factual basis.

## II.

"We review guilty pleas for compliance with Rule 11." *United States v. Garcia-Paulin*, 627 F.3d 127, 130 (5th Cir. 2010) (citing *United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006)). Under Rule 11(b)(3), "a district court taking a guilty plea [must] make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). The factual basis must be "sufficiently

3

No. 14-40131

specific to enable the district court to compare the conduct admitted by the defendant with the elements of the offense charged." *Id.*

"A district court's acceptance of a guilty plea is a factual finding which is generally reviewed under the clearly erroneous standard." *Garcia-Paulin*, 627 F.3d at 131. However, Monroe concedes that because he is questioning the sufficiency of the factual basis for his guilty plea for the first time on appeal, this court reviews the claim for plain error. *Trejo*, 610 F.3d at 313. Under plain error review, the defendant must show that "(1) there is an error; (2) the error is clear and obvious; and (3) the error affects his substantial rights." *Garcia-Paulin*, 627 F.3d at 131 (quoting *Castro-Trevino*, 464 F.3d at 541). If the first three prongs are satisfied, the court has discretion to remedy the error "only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)) (alteration in original). "Meeting all four prongs is difficult, as it should be." *Id.* (internal quotations omitted).

## III.

Monroe asserts that the factual basis relied on by the district court is insufficient to support his conspiracy conviction. Even assuming that the district court committed a clear and obvious error by accepting Monroe's plea absent a sufficient factual basis, this error does not warrant reversal under plain error review because Monroe has not shown that it affects his substantial rights or explained why this court should exercise its discretion.

## A.

In addition to showing that the district court committed a clear and obvious error, a defendant must demonstrate that the error affected his substantial rights. *See Garcia-Paulin*, 627 F.3d at 131. That is, the defendant "must show a reasonable probability that, but for the error, he would not have

entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. London*, 568 F.3d 553, 558 (5th Cir. 2009). Monroe has not made this showing.

In *Laverde-Gutierrez*, we held that a defendant's general challenge to the factual basis of his plea failed to establish "a reasonable probability that, but for the alleged Rule 11 error, he would not have entered the guilty plea." *United States v. Laverde-Gutierrez*, No. 05-21048, 2008 WL 5068655, at *2 (5th Cir. Nov. 26, 2008) (per curiam). There, the defendant had not tried to withdraw his guilty plea either in the district court or on appeal. *Id.* Instead, the defendant only requested that his guilty plea "be set aside [and] the case remanded to the district court for further proceedings." *Id.* (alteration in original). Further, the defendant did "not request the opportunity to go to trial" or identify "any portion of the record demonstrating that his plea decision was affected by the alleged error." *Id.* (citing *United States v. Molina*, 469 F.3d 408, 412 (5th Cir. 2006)). Accordingly, we determined that the defendant failed to establish "that he would not have pled guilty to the . . . offense if the trial court had solicited his admission of additional facts sufficient to support his plea." *Id.*; *see also United States v. Mireles-Hernandez*, 321 F. App'x 377, 379 (5th Cir. 2009) (per curiam) (concluding, for the same reasons as *Laverde-Gutierrez*, that defendant failed to establish "a reasonable probability that he would not have pled guilty").

Monroe did not attempt to withdraw his guilty plea in the district court. Like the defendant in *Laverde-Gutierrez*, Monroe requests only that this court "vacate his conviction." Further, Monroe does not identify any portion of the record that demonstrates that his decision to plead guilty was affected by the alleged error. Instead, Monroe only asserts that he "would not enter a plea to a charge of which he was not guilty." This conclusory assertion, however, is insufficient to establish that Monroe would not have pleaded guilty if the

district court had questioned him further about the underlying facts. *See Laverde-Gutierrez*, 2008 WL 5068655, at *2; *Mireles-Hernandez*, 321 F. App'x at 379; *see also United States v. Temple*, 363 F. App'x 298, 299 (5th Cir. 2010) (per curiam) (noting waiver of argument raised initially in reply brief but observing that defendant's assertion that he "would not have pled guilty to a crime he did not commit" was "nevertheless unsupported by the record"). Because Monroe has not demonstrated a reasonable probability that, but for the error, he would not have entered his guilty plea, he has failed to meet the third prong of plain error review.

B.

Monroe also fails to meet the fourth prong of the plain error standard. Even if a defendant can establish plain error affecting his substantial rights, this court "will not vacate the judgment unless the error 'seriously affects the fairness, integrity, or public reputation of the proceedings.'" *Garcia-Paulin*, 627 F.3d at 131 (quoting *Castro-Trevino*, 464 F.3d at 541); *see also United States v. Olano*, 507 U.S. 725, 737 (1993) ("[A] plain error affecting substantial rights does not, without more, satisfy [the fourth prong] . . . ."); *United States v. Wooley*, 740 F.3d 359, 369 (5th Cir. 2014) ("This circuit has repeatedly emphasized that even when we find that the first three factors have been established, this fourth factor is not automatically satisfied.") (internal quotations omitted).

Monroe makes no specific argument on this court's exercise of its discretion. Instead, Monroe simply argues for a general reversal based on the district court's alleged error. In *United States v. Rivera*, 784 F.3d 1012 (5th Cir. 2015), we rejected a "*per se* fourth-prong argument" and declined to remedy a plain error where the appellant made no showing on why the court should exercise its discretion. *Rivera*, 784 F.3d at 1018. Observing that a per se approach would "collapse the fourth prong into the first three," we noted

No. 14-40131

that this court has "refused to correct plain errors when . . . the complaining party makes no showing as to the fourth prong." *Id.* at 1018–19 & n.3. Because Monroe has pointed to nothing beyond the district court's alleged error to justify reversal, he has failed to show why his conviction "impugns the fairness, integrity, or public reputation of the court system." *Id.* at 1019.

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.