# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEOCADIO CARRILLO-GONZALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-344

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Leocadio Carrillo-Gonzales (Carrillo) appeals his jury trial conviction and 210-month sentence for conspiracy to distribute and to possess with intent to distribute 50 grams or more of actual methamphetamine. *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846. We affirm.

We reject the contention that reversal is required because there was insufficient evidence to show that Carrillo had the requisite knowledge of the illegal agreement. To convict, the Government was required to prove beyond

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a reasonable doubt that (1) an agreement existed between two or more persons to possess the controlled substance with the intent to distribute it, (2) Carrillo knew of that agreement, (3) he voluntarily participated in that agreement, and (4) the conspiracy involved at least the amount of the substance proscribed by statute. *See United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001); *see also Jackson v. Virginia*, 443 U.S. 307, 318 (1979). Reviewing de novo, we view the evidence "in the light most favorable to the verdict" and "draw[ ] all reasonable inferences from the evidence to support the verdict." *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997).

Notwithstanding his denials, a reasonable jury could infer from the evidence that Carrillo knew of the conspiracy and participated in it. *See United States v. Mulderig*, 120 F.3d 534, 546 (5th Cir. 1997). Two witnesses testified that Carrillo and Maria Hernandez, a co-conspirator, removed six packages of methamphetamine from the back seat of Carrillo's automobile and transferred them to an informant working for the Drug Enforcement Agency. Also, a third co-conspirator testified that Carrillo and Hernandez had transported narcotics for him previously. This evidence, viewed most favorably to the verdict, was sufficient to convict. *See Mulderig*, 120 F.3d at 546; *Myers*, 104 F.3d at 78.

We reject also Carrillo's claim that reversal is required because the district court admitted evidence—a laboratory report about the contents of the packages involved in the offense—in violation of the Confrontation Clause of the Sixth Amendment. Before ruling on the Government's request to have the laboratory report received into evidence, the district court asked whether Carrillo opposed the request. Defense counsel said no. Thus, if it was error to admit the report, the error arguably was invited by the defense. *See United States v. Delgado*, 672 F.3d 320, 339 (5th Cir. 2012) (en banc).

But, for the reasons given below, Carrillo cannot prevail even if this were an instance of forfeited error subject to review for plain error. To succeed on

No. 15-50156

plain error review, Carrillo must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We assume, without deciding, that Carrillo has met these three prongs of plain error review. *See Crawford v. Washington*, 541 U.S. 36, 68-69 (2004); *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2716-17 (2011); *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2532 (2009). However, we will exercise our "discretion to remedy the error" only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks, bracketing, and citation omitted). Such discretion "should be employed in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted).

Carrillo does not argue that a miscarriage of justice would result if we did not exercise our discretion to remedy the error. *See United States v. Andaverde-Tinoco*, 741 F.3d 509, 522 (5th Cir. 2013); *United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010). Moreover, Carrillo made no effort at trial to exclude or contradict an agent's testimony about the laboratory findings, his counsel later stated there was no objection to the report's admission, and he made no argument that the findings were inaccurate or did not satisfy the Government's burden of proof. Under these circumstances, we decline to exercise our discretion to correct any error. *See Johnson v. United States*, 520 U.S. 461, 470 (1997); *Andaverde-Tinoco*, 741 F.3d at 524.

AFFIRMED.