JERRY E. SMITH, Circuit Judge, dissenting: Mr. Suarez has plenty of advocacy on his behalf; the rule of law has none. By advancing all the unbriefed points of plain error, the panel' majority takes up the considerable slack left by counsel’s total failure to argue the fourth prong, and the government wilts, at best, and' begs on Suarez’s behalf, at worst. Yet at oral argument, the most the Department of Justice could do to support its confession of error was to say that “it feels like the right thing to do.” Alas, The panel decision marks a new low in this court’s plain-error jurisprudence, although it is a bonanza for lawyers who submit inadequate briefs. It would be malpractice for any Federal Public Defender or criminal defense counsel in Texas, Louisiana, or Mississippi not to pite the majority opinion, for - the proposition that this circuit no longer requix-es plain error to be briefed on appeal, ■ The well-intentioned majority opinion is error in so many respects that it is hard to know where to begin. I agree with affirming the convictions but respectfully dissent from the inexplicable decision to vacate the sentence. At its core, the majority opinion overlooks the essential character of the American system of justice as adversarial, not inquisitorial. We expect a criminal defendant to raise issues and objections in the trial court and, whether- or not they are articulated there, to bring them again as an appellant. Alert to this potential deficiency, this panel, before oral argument, sent the,-lawyers a notice requesting sup-, plemental briefing.[1] In response, the only case the government could muster to support fourth-prong relief was the unpublished (and hence non-precedential) opinion in Neria that was listed in the notice. Despite having the issue flagged in advance, neither the government nor Suarez’s attorney is able to point to a single published case in which we have given plain-error relief where the defendant did not adequately show how each of the required four prongs was satisfied. Our published caselaw-is unequivocal: [The defendant’s]' statutory challenge cannot succeed on plain error review because he' fails to argue that the alleged error affected the fairness, integrity, or public reputation of judicial proceedings. “We have "... refused to correct plain errors when as here, the complaining party makes no showing as to the fourth prong.” United States v. Rivera, 784 F.3d 1012, 1018 n.3 (5th Cir. 2015); see United States v. Andaverde-Tinoco, 741 F.3d 509, 523 (5th Cir. 2013) (“[T]he burden is on the defendant to demonstrate that the error affects the fairness, integrity, or public reputation of judicial proceedings.”) [[Image here]] United States v. Caravayo, 809 F.3d 269, 273-74 (5th Cir. 2015) (per curiam). Even showing that the first three prongs are met is not enough. “[T]he defendant points to nothing beyond the district court’s error and the increase in her sentence that the error may have caused.” Rivera, 784 F.3d at 1018. Suarez’s supplemental letter answering the pre-argument inquiry admits that his briefing on appeal[2] falls well short of the above standard. He concedes that [t]he only thing the brief failed.to do was to go through each prong of plain-error review analysis step- by step but despite failing to do so, it is clear from the record and the brief each prong has been met .... As it relates to the 4th prong, Appellant met it’s [sic] -burden that the error affected the fairness, integrity, or public reputation of the judicial proceedings. While Appellant did not use those exact words, the fact Appellant’s sentence was increased by 5 years contrary to Supreme Court precedent, it clearly affected the fairness of the proceedings. The majority’s first shortcoming, therefore, is its refusal to enforce the well-established requirement that to obtain plain-error relief, an appellant must adequately address the four prongs in his brief. In his supplemental letter, in attempting to show how his brief sufficiently addressed plain error, Suarez points to only three pages: “The issue was clearly presented for appeal in pages 26 to 28 of the Appellants [sic] Brief.” Although in its desperate effort to rescue Suarez from a ditch, the majority ranges far and wide throughout- the brief to find snippets in support of adequate arguments, Suarez directs us only to pages 26 to 28. I will make it easy for future defense counsel to use the majority’s opinion as an excuse for inadequate briefings -by setting forth in toto the argument contained on pages 26-28 of Suarez’s brief. It shows how little this circuit now requires to make a successful fourth-prong argument. I reproduce pages 26-28 in the footnote.[3] This brief does nothing more than to use the words “plainly erred” once in the entire document. In the 32-page brief, there is no mention of any case that sets forth the test for showing plain error, nor is the test even stated. There is no listing of the four required prongs, much less a discussion of how any of them is satisfied. Pages 26-28 do give information that would support the first three prongs, but without even mentioning that those prongs exist. As quoted above, however, “the burden is on the defendant to demonstrate that the error affects the fairness, integrity, or public reputation of judicial proceedings.” Caravayo, 809 F.3d at 274 (citation omitted). Suarez’s brief waives any claim to plain-error relief for the reasons we identified in United States v. Monroe, 629 Fed.Appx. 634 (5th Cir. 2015) (per curiam). Suarez makes no specific argument on this court’s exercise of its discretion. Instead, [he] simply argues for a general reversal based on the district court’s alleged error. In United States v. Rivera, we rejected a “per se fourth-prong argument” and declined to remedy a plain error where the appellant made no showing on why the court should exercise its discretion. Rivera, 784 F.3d at 1018. Observing that a per se approach would “collapse the fourth prong- into the first three,” we noted that this court has “refused to correct plain errors when ... the complaining party makes no showing as to the fourth prong.” Id. at 1018-19 & n.3. Because [Suarez] has pointed to nothing beyond the district court’s alleged error to justify reversal, he has failed to show why his conviction “impugns the fairness, integrity, or public reputation of the court system.” Id. at 1019. Monroe, 629 Fed.Appx. at 637-38 (ellipses in original). Suarez’s counsel is guilty of precisely the same insufficiency that we identified in Rivera, 784 F.3d at 1018. Yet this panel majority enthusiastically excuses it. The panel majority turns all of the cited decisions to dust.[4] Nowhere does Suarez’s brief even mention the exercise of “discretion,” much less words such as “seriously,” “integrity,” “fairness,” or “reputation.” There is little left of adversarial testing for plain error on appeal, because this inquisitorial panel has declared it unnecessary. Even if the fourth prong had been adequately briefed, the facts are far from what should justify the rare invocation of plain-error relief. No one should feel sorry for Mr. Suarez, who was caught in the midst of an extensive and sordid drug operation. As the majority accurately recounts, “police ... found ... Suarez—who ... acted as ‘consul or overseer ...—in the master bedroom [with] a distributable amount of methamphetamine, baggies, scales, security cameras, a .380 caliber Davis pistol, shotgun shells, body armor, and a .20 gauge Winchester sawed-off shotgun [and] a .12 gauge Ithaca sawed-off shotgun ... in a second bedroom.” No one should reasonably think that the result here is unfair to this unobjecting defendant, much less that it seriously calls into question the integrity of our judicial system, as the plain-error test requires. As the majority accurately explains, the unpreserved error is that, as for the mandatory minimum sentence, the instruction did not require the jury to find which of the two firearms charged in Count II—the pistol or the Winchester—formed the basis of its verdict. The jury found that Suarez, in furtherance of the drug-trafficking offense, possessed either the pistol (with mandatory minimum of five years) or the Winchester (a sawed-off shotgun requiring a minimum of ten years). It is easy to conclude, however, that Suarez could have “possessed” either or both. The Winchester was undeniably there. Weapons were plainly integral to this drug-trafficking operation. One witness testified that Suarez “knew about the Winchester.” Another stated “that Suarez would sit with the shotgun during drug deals.” There is ample support for the jury’s conclusion that Suarez possessed at least one of the two guns ... that ... furthered the drug-trafficking crimes. The majority also correctly upholds the verdict for possession (actual or constructive) of the Winchester and the Ithaca because Suarez “had knowledge of and access to” them. As the majority candidly recounts, “[p]olice found the Winchester in plain sight and close proximity to Suarez,” and “Suarez knew of the Winchester and sometimes carried a sawed-off shotgun during drug deals.” Under these seedy facts, it is difficult to understand how the majority can conclude that the failure to ask the jury specifically whether Suarez possessed the Winchester in furtherance of his crimes affects, much less “seriously” affects, the integrity of the courts. In sum, the majority commits numerous errors of law and fact. It evaporates the requirement that plain error be properly raised or briefed on appeal. For the administration of justice, the unhappy consequence is that a defendant who fails to raise error in the district court is also excused from raising it on appeal, at least when the government foolishly agrees. Further, the majority misreads the record in concluding that “the evidence regarding the Winchester shotgun is not overwhelming.” The evidence, to the contrary, is plain and abundant, and any supposed error would by no means impugn the integrity of the judicial system. The scratchy aspéct of plain-error review is that our proper duty is almost always to let unnoticed error stand. A perfectionist goal of fixing every prejudicial mistake is inconsistent with plain-error review as the Supreme Court has explained it. Reversal of this sentence hardly “feels like the right thing to do,” to quote government counsel in default. Our adversarial system of justice deserves better. I respectfully dissent. . The first two paragraphs of the notice read as follows: ■ Some decisions of this court suggest that the burden is on the defendant appellant to show entitlement to plain-error review and that ah argument that a sentence is reversible plain error is waived or abandoned for failure to demonstrate satisfaction of each of the four prongs of the plain-error test in the appellant’s opening brief. More specifically, this precedent suggests that the court will not exercise its plain-error discretion if the appellant does not specifically show how the alleged sentencing error seriously affects the fairness, integrity, or public reputation of judicial proceedings under, e.g., Puckett v. United States, 5S6 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Some precedent suggests also that this court is not bound by the government's concession of reversible plain error. The letter briefs should discuss whether the issue is waived in this case for failure of adequate briefing. Relevant caselaw includes. United States v. Caravayo, 809 F.3d 269, 273-74. (5th Cir. 2015) (per curiam): United States v. Rivera, 784 F.3d 1012, 1018 n.3 (5th Cir. 2015); United States v. Andaverde-Tinoco, 741 F.3d 509, 523 (5th Cir. 2013); United States v. Monroe, 629 Fed.Appx. 634, 637-38 (5th Cir. 2015) (per curiam); United States v. Carrillo-Gonzales, 627 Fed.Appx. 366, 367 (5th Cir. 2015) (per curiam); United States v. Handy, 647 Fed.Appx. 296, 300-01 (5th Cir. 2016) (per curiam); and United States v. Neria, 628 Fed.Appx. 256, 258 (5th Cir. 2015) (per curiam). These are only examples, and counsel is free to refer to other relevant authorities. . Suarez filed an opening brief but not a reply brief. . The brief reads as follows: The District Court plainly erred by not requiring a jury finding on which specific firearms formed the basis of the guilty verdict reached on Count 2. In Appreridi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000), and Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 2158, 186 L.Ed. 2d 314 (2013), the Supreme Court held that factual determinations that increase maximum or minimum sentences, other than a prior conviction, must be found by a jury beyond a reasonable doubt (or admitted by the defendant), The recent Fifth Circuit opinion in United States, v. Haines, further explored this longstanding rule and found "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt.” United States v. Haines, 803 F.3d 713, 738 (5th Cir. 2015). In the Indictment returned by the Grand Jury, Count 2 listed two specific weapons, a short-barreled shotgun and a pistol. ROA. 13. In the Notice of Penalty, Appellant was put on notice that this count carried a term of imprisonment "of not less than 5 years.” ROA.16. At Mr. Suarez’ initial appearance, the honorable Don Bush admonished Mr. Suarez and again stated the minimum sentence for Count 2 was five years. ROA. 176 at 12-15. Suarez was never admonished that the . mandatory minimum was, in actuality a ten year minimum because of the allegation of the sawed-off shotgun. This fact was not known to him until it was revealed within the Presentence Report. ROA.665. When the jury verdict was returned, the verdict for Count 2 simply found Mr. Suarez guilty as to the offense charged, but did not indicate which of the firearms listed within the indictment (the shotgun or the pistol), this verdict referenced. This omission is not a minor one. Had the jury attributed the pistol to Mr. Suarez and not the disassembled Winchester shotgun the mandatory minimum would have remained at five years instead of being increased to ten. As such, Judge Mazzant's hand was forced into sentencing Mr. Suarez to an enhanced minimum sentence that nobody was anticipating: THE COURT: I am a judge who tries to look at each person, and because of the conspiracy and the firearms—usually somebody that has no criminal history like you have or a Category I would be someone the Court would look at as a possible variance in terms of fashioning a non-guideline sentence. But in your case I don’t have that discretion because of the mandatory minimums. [[Image here]] I'll follow the recommendation, and if it weren't for the mandatory minimums, I probably would go less than that, but I don’t have that power. ROA.575-76. The 924(c) charge contained within Count 2 consisted of two distinct firearms, each with different mandatory minimums. Because the mandatory minimum was enhanced based upon one, but not both of these firearms, the question of which firearm was being attribute to the defendant was a fact question that should have been submitted to the jury in accordance with Apprendi, Alleyne, and Haines. It was not, and as a result of this clear error, the Appellant’s rights were directly and substantially effected [sic] by having his sentence increased by an additional five years. Appellant’s brief at 26-28 (ellipses in brief). . This circuit’s rule of orderliness may be an impediment to the precedential impact of the majority’s sweeping pronouncements. To the extent that the decisions I have cited are binding, this panel majority has no authority to undermine them. No doubt the judges in the majority believe in good faith that their opinion does not contravene precedent, so for purposes of showing my disagreement, I treat the majority opinion as though it were binding on future panels.