# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-40376

———————

United States of America,

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2024

Lyle W. Cayce
Clerk

*Plaintiff—Appellee*,

*versus*

Michael Calzadias,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-204-4

———————————————————————

Before Richman, Graves, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Michael Calzadias pleaded guilty to conspiracy to commit international money laundering despite the lack of a sufficient factual basis for the international element of the offense under the present evidentiary record. Because the district court plainly erred in accepting the plea for this offense, we VACATE the plea, conviction, and sentence for conspiracy to

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40376

commit international money laundering, and we REMAND for further proceedings.

## BACKGROUND

Calzadias was indicted for his role in the Calzadias Drug Trafficking Organization, which trafficked cocaine and smuggled bulk currency throughout the United States. The indictment specifically charged Calzadias with one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine ("Count One"), pursuant to 21 U.S.C. § 846 and 841(a)(1), and one count of conspiracy to commit international money laundering ("Count Two"), pursuant to 18 U.S.C. § 1956(h) and 1956(a)(2)(A) and (a)(2)(B)(i).

Calzadias pleaded guilty to both counts without a plea agreement. Prior to the plea hearing, Calzadias signed a Factual Basis document, which stated, in relevant part:

> 4. Michael Calzadias' role in this conspiracy was to transport drug proceeds in the form of United States currency which assisted others in the distribution of illegal narcotics.

> 5. Michael Calzadias further admits and agrees that he knowingly and intentionally combined, conspired, and agreed together with other persons to conduct financial transactions *affecting interstate commerce* which involved the proceeds of specified unlawful activity, that is conspiracy to distribute and possess with intent to distribute cocaine, as alleged in Count Two of the Fourth Superseding Indictment, a violation of 18 U.S.C. §§ 1956(h), 1956(a)(2)(A) and 1956(a)(2)(B)(i).

> 6. I have read this Factual Basis and the Fourth Superseding Indictment and have discussed my options with my attorney. I fully

No. 23-40376

understand the contents of this Factual Basis and agree without reservation that it accurately describes the events and my acts.

During the plea hearing, the government stated that the elements for Count Two were as follows:

That the defendant and at least one other person made an agreement to commit the crime of money laundering, in violation of 18 U.S.C., Section 1956(a)(2)(B)(i), as charged in the Fourth Superseding Indictment;

Two, that the defendant knew the unlawful purpose of the agreement and joined in it with intent to further—joined in it willfully, that is, with intent to further its unlawful purpose;

Third, that the defendant knowingly conducted or attempted to conduct a financial transaction that affected Interstate Commerce;

Fourth, that the financial transaction involved the proceeds of a specified unlawful activity, namely conspiracy to distribute or possess with intent to distribute a controlled substance or substances;

Fifth, that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, contrary to 18 U.S.C., Sections 1956(a)(2)(B)(i);

Sixth, that the defendants knowingly transport—or did transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States or through a place outside the United States, with the intent to promote the carrying on of a specified unlawful activity, that is, conspiracy to possess with intent to distribute a controlled substance,

to wit: cocaine, as described in Count One of this Fourth Superseding Indictment.

The magistrate judge asked if Calzadias understood these elements, and Calzadias stated that he did. The government also recited the underlying factual basis, which Calzadias affirmed was true and correct. Upon being asked to summarize his criminal conduct, Calzadias explained that he "transported money, proceeds for a conspiracy to distribute cocaine." After Calzadias' counsel confirmed that he was satisfied that there was a sufficient factual basis for the plea, the magistrate judge stated that she would recommend accepting the plea. The district court accepted it.

The Presentence Report ("PSR") assigned a base offense level of 38 to Count One. While the government contended that Calzadias should receive an aggravating role adjustment, the probation officer preparing the PSR determined that the adjustment was not warranted. The probation officer also rejected Calzadias' argument that he should not be held accountable for 450 kilograms or more of cocaine. For Count Two, Calzadias was assigned a base level of 40, which included a two-level upwards adjustment because Calzadias was convicted under 18 U.S.C. § 1956. Applying the grouping rules pursuant to USSG § 3D1.2(c) and USSG § 3D1.3(a), the total adjusted offense level tracked with Count Two because it was the highest one. With a three-level downwards adjustment for acceptance of responsibility, the total offense level was calculated at 37. Due to Calzadias' criminal history category of III, the guideline imprisonment range was 262-327 months.

At sentencing, the district judge overruled Calzadias' objection regarding the amount of cocaine attributed to him. The district judge further agreed with the government that Calzadias should receive a three-level enhancement to his offense level for Count One due to his leadership role

within the crime organization. This increased the total offense level for Count One to 41, making it the higher one for grouping purposes. With the downward adjustment for acceptance of responsibility, the total offense level amounted to 38 with a guideline range of 292-365 months.

The district judge then gave Calzadias an opportunity to address the Court. During his allocution, Calzadias admitted to entering the conspiracy with full understanding of the risks, claimed that he was not "an innocent man" and had sold drugs in the past but not during the time frame of this conspiracy, and stated that he could not remain silent while inaccuracies and lies stood in the way of his freedom.

The district judge then sentenced Calzadias to 320 months for Count One and 240 months for Count Two, to be served concurrently. The district judge stated that "this is the sentence the Court would impose irrespective of any issues with the objections."

Calzadias now appeals, asserting that the district court erred in accepting his guilty plea as to Count Two, conspiracy to launder money internationally, because there was an insufficient factual basis to establish the international transfer element of the offense. Calzadias does not challenge his conviction as to Count One, conspiracy to possess with intent to distribute five kilograms or more of cocaine.

## DISCUSSION

Under Federal Rule of Criminal Procedure 11(b)(3), "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Calzadias argues that there was an insufficient factual basis for his plea for conspiracy to commit international money laundering. Because he raises this argument for the first time on appeal, "we apply a plain error standard of review to his claim." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

"Under plain error review, [Calzadias] bears the burden to show that (1) there is an error; (2) the error is clear and obvious; and (3) the error affects his substantial rights." *United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). If Calzadias makes this showing, "the court has discretion to remedy the error only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Monroe*, 629 F. App'x 634, 636 (5th Cir. 2015) (quoting *United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012) (en banc)) (cleaned up).

## A. There was clear and obvious error.

When determining whether there was a sufficient factual basis for a guilty plea, the district court must "make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *Trejo*, 610 F.3d at 313. "The record must contain factual allegations indicating that the defendant committed each element of the crime, rather than mere conclusory statements of the legal elements." *United States v. Jones*, 969 F.3d 192, 196 (5th Cir. 2020). On review, we may look at the entire record to assess whether there was a sufficient factual basis for the plea. *Trejo*, 610 F.3d at 313.

To establish a factual basis for conspiracy to commit international money laundering under 18 U.S.C. § 1956(h) and 1956(a)(2)(A) and (a)(2)(B)(i), the government was required to prove that Calzadias: "(1) conspired; (2) to transport funds between the United States and another country; (3) with the intent to promote the carrying on of a specified unlawful activity," *Trejo*, 610 F.3d at 313 (citation omitted), or knowing that the funds involved in transport represented the proceeds of unlawful activity and knowing the transport is designed to conceal the nature, location, source, ownership or control of the proceeds, § 1956(a)(2)(B)(i). The international element distinguishes an offense under § 1956(a)(2) from an offense under §

1956(a)(1), domestic money laundering, which only requires that the transaction affect interstate commerce. *See United States v. Bieganowski*, 313 F.3d 264, 279 (5th Cir. 2002); § 1956(a)(1), (c)(4).

As mentioned, Calzadias only contends that there was an insufficient factual basis for the international element. Upon reviewing the present factual record, we agree. Neither the indictment nor the factual basis contained any factual allegations that Calzadias conspired to transport funds internationally. Rather, both documents merely cite the international money laundering statute and/or "track" the statutory language. This is insufficient. *See United States v. Garcia-Paulin*, 627 F.3d 127, 133 (5th Cir. 2010). The transcript from the change of plea hearing and sentencing hearing are likewise devoid of any factual allegations or admissions of an international transport. Calzadias admits to transporting proceeds of the drug conspiracy, but he never says the transport was international. And in examining the remainder of the case record, the only references to any international activity are references to drugs "sourced" or "imported" from Mexico. Missing is any reference to funds being transported between the United States and Mexico. Accordingly, there was not a sufficient factual basis for the district court to accept the plea.

It is further apparent that this error was clear and obvious. The government emphasizes that Calzadias was informed of the international element and asserted that he understood it and agreed to committing it during the plea hearing. But whether a defendant understands the nature of the charge is a separate inquiry from whether there is a sufficient factual basis for the charge. *See United States v. Lujano-Perez*, 274 F.3d 219, 225 (5th Cir.

No. 23-40376

2001). *Compare* Fed. R. Crim. P. 11(b)(3) *with* Fed. R. Crim. P. 11(b)(1)(G).[1] Calzadias has satisfied these plain-error prongs.

### B. The error affected Calzadias' substantial rights.

To establish that an error affected his substantial rights, Calzadias must show prejudice, establishing that there is "a reasonable probability that, but for the error, he would not have entered the plea." *Castro-Trevino*, 464 F.3d at 541 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). This means that Calzadias "must satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome' of the proceeding." *Castro-Trevino*, 464 F.3d at 544 (quoting *Dominguez Benitez*, 542 U.S. at 83).

Panels of this Court have considered several factors in determining whether a defendant has met his burden of showing a violation of his substantial rights. Principally, several panels have relied on the fact that the defendant did not clearly state that he would not have entered a guilty plea absent the error, or did not point to record evidence demonstrating that he

---

[1] Arguably, the district court failed to ensure that Calzadias understood the nature of the international money laundering conspiracy charge. Fed. R. Crim. P. 11(b)(1)(G). In determining whether Calzadias understood the nature of the charge, which "refers to the elements of the offense[,] . . . the court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge." *Jones*, 969 F.3d at 198 (citation omitted). However, in reciting the elements of the offense at the plea hearing, the government included the elements for both domestic and international money laundering. Namely, the government stated that the elements of conspiracy to commit international money laundering required both "a financial transaction that affected interstate commerce," an element of domestic money laundering, and a transport "from a place in the United States to or through a place outside the United States," an element of international money laundering. This confusion of the elements extended to the Factual Basis document, which cited the international money laundering statute but provided the "interstate commerce" language.

8

was ready and willing to stand trial. *See United States v. London*, 568 F.3d 553, 560 (5th Cir. 2009) (finding no violation of substantial rights because "[e]ven assuming arguendo that there was error," the defendant did not assert that he would not have entered the plea); *United States v. Molina*, 469 F.3d 408, 412 (5th Cir. 2006) (finding the defendant did not meet his burden in showing his substantial rights were violated, in part, because he did not direct the court to any portion of the record demonstrating the error affected his plea decision). Panels have further considered whether the defendant would have received a lesser sentence if he had not entered the guilty plea,[2] the "decisional calculus" of entering a plea deal,[3] and whether the defendant attempted to withdraw the plea at any point.[4]

Calzadias points to his sentencing allocution as evidence that he would not have pleaded guilty absent the error—which on one hand states that it is lies and inaccuracies that stand in the way of his freedom, but on the other acknowledges that he is not "an innocent man." His briefing is also not explicit as to whether he would have pleaded guilty if he knew of the error. He further never attempted to withdraw his plea, and his sentencing guideline range would have been the same regardless of his Count Two conviction since Count One controlled in calculating the total offense level.

However, panels of this Court have recognized that a defendant "would not have pled guilty to a statutory offense that subjected him to a prison sentence if he had realized that the factual basis relied on by the court and the government to support the conviction on that count failed to show that his conduct violated the statute." *United States v. Garcia-Paulin*, 627

---

[2] *See Castro-Trevino*, 464 F.3d at 547; *Molina*, 469 F.3d at 412.

[3] *See Alvarado-Casas*, 715 F.3d at 954-55.

[4] *See id.* at 955.

F.3d 127, 134 (5th Cir. 2010) (vacating a defendant's conviction for "bringing" an illegal alien into the United States when the factual record showed that the defendant simply supplied false passport stamps); *see also United States v. Smith*, 997 F.3d 215, 224-25 (5th Cir. 2021) (finding that defendant's substantial rights were violated when the defendant, a felon, pleaded guilty on the mistaken belief that he violated § 922(g) after merely "touch[ing]" a firearm). After all, "[t]he purpose of requiring a factual basis for a plea . . . is to assure the court that the conduct which the defendant admits by his plea of guilty constitutes the offense charged in the indictment or a lesser offense included therein." *Castro-Trevino*, 464 F.3d at 545 (citation omitted).

Based on the present factual record, it appears Calzadias pleaded guilty to a crime he did not commit. Rather, the factual record likely supports a *domestic* money laundering conspiracy charge, not an *international* money laundering charge. For instance, the PSR describes instances where members of the criminal organization were stopped with large amounts of cash, and it explains that members were working with Calzadias to coordinate bulk currency shipments between distribution cities across the United States. At the plea hearing, Calzadias further admitted that his role in the conspiracy was to transport drug proceeds. Thus, it seems that the government charged Calzadias with the wrong crime, or at least neglected to present sufficient evidence supporting the crime that it charged.

Even so, the government maintains that Calzadias' substantial rights were not violated because both money laundering offenses carry the same statutory maximum and effect on the guidelines range. *See* U.S.S.G § 2S1.1; *compare* 18 U.S.C. § 1956(a)(1) *with* § 1956(a)(2) (providing a statutory maximum of twenty years). Thus, the argument goes, Calzadias' case is analogous to a line of cases holding a defendant's substantial rights are not affected when the record supports guilt of a lesser included offense with

No. 23-40376

identical statutory and guidelines ranges, but the defendant pleads guilty to the higher offense. *See Castro-Trevino*, 464 F.3d at 544-47; *United States v. Watts*, 834 F. App'x 907, 911 (5th Cir. 2020).

We disagree. "We are satisfied that [Calzadias] would not have pled guilty to a statutory offense that subjected him to a prison sentence if he had realized that the factual basis relied on by the court and the government to support the conviction on that count failed to show that his conduct violated the statute." *Garcia-Paulin*, 627 F.3d at 134.[5] We also find the lesser-included offense line of cases materially distinguishable. In those cases, the panels modified the judgment to reflect conviction for the lesser included offense. *Castro-Trevino*, 464 F.3d at 547; *Watts*, 834 F. App'x at 911. Therefore, there was a sufficient factual basis for the actual crime of conviction. In contrast, conspiracy to commit domestic money laundering is not a lesser included offense of conspiracy to commit international money laundering, and the indictment did not charge Calzadias with conspiracy to commit domestic money laundering. Accordingly, the government is asking us to affirm an incorrect conviction. We believe that violates Calzadias' substantial rights.

## C. The error warrants exercise of our discretion.

Even if the first three plain error prongs are satisfied, we do not automatically correct the error. *See United States v. Wooley*, 740 F.3d 359, 369 (5th Cir. 2014); *see also United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir.

---

[5] There are also reasons apart from a defendant's raw sentencing exposure that he might not have entered a plea. For instance, as a matter of reputation, conviction for one offense may be considered less favorable than conviction of another. A defendant may view "domestic" money laundering as carrying a more favorable connotation than "international" money laundering. "The point of the question is not to second-guess a defendant's actual decision; if it is reasonably probable that he would have gone to trial absent the error, it is no matter that the choice may have been foolish." *See Dominguez Benitez*, 542 U.S. at 85.

11

2015) (explaining that a "*per se* fourth-prong argument" is improper). "Rather, we should reserve our discretion for 'those circumstances in which a miscarriage of justice would otherwise result.'" *Wooley*, 740 F.3d at 369 (quoting *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012)). The defendant must make some showing as to "why his conviction 'impugns the fairness, integrity, or public reputation of the court system.'" *Monroe*, 629 F. App'x at 638 (quoting *Rivera*, 784 F.3d at 1019); *see also Rivera*, 784 F.3d at 1018-19 & n.3.

Calzadias has made that showing because, as this Court has reasoned, "a guilty plea based on facts precluding conviction" effectively "colors the fundamental fairness of the entire proceeding." *United States v. Palmer*, 456 F.3d 484, 491-92 (5th Cir. 2006) (citation omitted); *see also United States v. Owens*, 224 F. App'x 429, 430 (5th Cir. 2007); *Garcia-Paulin*, 627 F.3d at 134. For instance, in *United States v. Smith*, the panel exercised its discretion to vacate a defendant's guilty plea because "[t]he fact that [the defendant] is or could be innocent . . . is reason alone for us to correct the district court's error." 997 F.3d at 225 (citing *United States v. Olano*, 507 U.S. 725, 736 (1993) ("The court of appeals should no doubt correct a plain forfeited error that causes the conviction or sentencing of an actually innocent defendant.")).

While Calzadias is not an entirely innocent defendant, Calzadias' conviction is analogous to the defendant's conviction in *Garcia-Paulin*. There, the panel exercised its discretion to vacate the defendant's conviction for "bringing" an illegal alien into the United States when the defendant merely procured and supplied false passport stamps. *Garcia-Paulin*, 627 F.3d at 133. Supplying false passport stamps is surely a crime, but it was not the correct crime for conviction, based on the factual basis, and so the panel vacated the conviction. *Id.* So do we.

No. 23-40376

## CONCLUSION

The district court plainly erred in accepting Calzadias' plea for conspiracy to commit international money laundering without a sufficient factual basis. Accordingly, we VACATE the plea, conviction, and sentence for Count Two, conspiracy to commit international money laundering, and we REMAND for further proceedings.

Our decision in no way affects Calzadias' plea, conviction, and sentence for Count One, conspiracy to possess with intent to distribute five kilograms or more of cocaine. Moreover, while the present factual record does not support the international element of the conspiracy to commit international money laundering charge, the government is not precluded from presenting facts to establish the international element on remand, if such facts exist.