# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 11, 2026

Lyle W. Cayce
Clerk

No. 25-10237

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Ortiz,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-12-1

———————————————————————

Before Southwick, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Francisco Ortiz was released from Texas state prison and arrested by U.S. Marshals for violating the terms of his supervised release. At his revocation hearing, Ortiz pled true to the allegations and requested a sentence of time served. The court referenced Ortiz's past crimes and after a brief moment of confusion, stated: "I don't think you can be rehabilitated quickly, so I'm going to give you 60 months." Ortiz now argues that the

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10237

sentencing court improperly imposed or extended his sentence to support his rehabilitation.  We disagree and AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2009, Ortiz was the getaway driver in a bank robbery where a woman was shot and injured.  He was subsequently arrested and pled guilty to a single count of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, and aiding and abetting.  *See* 18 U.S.C. § 924(c)(1)(A).  The District Court for the Northern District of Texas sentenced Ortiz to 150 months of imprisonment and 5 years of supervised release.

Ortiz was discharged and began his term of supervised release in November 2020.  In August 2021, Ortiz was involved in an altercation after he attempted to steal lawn equipment from a vehicle.  A gunfight ensued in which Ortiz fired several shots at three individuals before being shot himself.  He was arrested, and the United States Probation Office filed a petition alleging that Ortiz had violated the terms of his supervised release by: (1) committing another crime,[1] (2) possessing a firearm, (3) failing to participate in drug testing and mental health treatment, and (4) failing to pay restitution.  Revocation of his supervised release was mandatory, *see* 18 U.S.C. § 3583(g)(3), and the recommended advisory range for his sentence was 51 to 63 months, with a statutory maximum of 60 months.  *See* 18 U.S.C. § 3583(e)(3).

Ortiz pled guilty in Texas state court to three counts of aggravated assault with a deadly weapon and was sentenced to five years.  Immediately upon his release from state prison, Ortiz was arrested by U.S. Marshals and

---

[1] Ortiz pled guilty in Texas state court to three counts of aggravated assault with a deadly weapon and was sentenced to five years.

pled true to each of the violations alleged. At his revocation hearing, Ortiz requested a sentence of time served, arguing that while in state custody, he "show[ed] an exemplary amount of rehabilitation." The court then stated:

> The Court: I'm going to give you 60 months in custody. I think that's not more than it should be to carry out the purpose of our sentencing statute. You have a long list of offenses. And you . . . didn't do much while you were out. And — hold on. You shot somebody. You shot somebody, right?
>
> Counsel: He shot at someone, but he was actually shot himself.
>
> The Court: Okay. All those things, I think, are such that *I don't think you can be rehabilitated quickly*, so I'm going to give you 60 months. No supervised release.

Ortiz did not object to the sentence imposed or to the reasons provided by the court. He timely appealed.

## DISCUSSION

On appeal, Ortiz argues that his sentence was unreasonable. First, he asserts that it was procedurally unreasonable because the district court "expressly relied on rehabilitation" in violation of 18 U.S.C. § 3582(a). *See Tapia v. United States*, 564 U.S. 319, 323 (2011). Second, he contends the sentence was "neither reasoned nor reasonable," and in effect challenges it substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Nguyen*, 854 F.3d 276, 283 & n.5 (5th Cir. 2017).

We review sentencing decisions for reasonableness. *Nguyen*, 854 F.3d at 280. A defendant preserves an argument that his sentence was *substantively* unreasonable by "advocat[ing] for a sentence shorter than the one ultimately imposed." *Holguin-Hernandez v. United States*, 589 U.S. 169,

No. 25-10237

173 (2020); *see United States v. Zarco-Beiza*, 24 F.4th 477, 482 (5th Cir. 2022). If properly preserved, "then our review is the two-step 'plainly unreasonable inquiry.'" *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020) (quoting *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018)). That inquiry asks first "whether the district court committed 'significant procedural error, such as failing to consider the [applicable] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *Id.* (citation omitted). We then "assess 'the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Id.* (citation omitted).[2]

As to procedural unreasonableness, and other errors relating to Ortiz's sentence, we require the objection in the trial court to be "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Wooley*, 740 F.3d 359, 367 (5th Cir. 2014) (quoting *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009)). If Ortiz failed to preserve his procedural challenge, he bears the burden of establishing plain error. *See United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012). "Under the plain error standard, when there was (1) an error below, that was (2) clear and obvious, and that (3) affected the defendant's substantial rights, a court of appeals has the *discretion* to correct it but no obligation to do so." *United States v. Galvan Escobar*, 872 F.3d 316, 319 (5th Cir. 2017) (quotation marks and citation omitted).

---

[2] Ortiz contends we should "reevaluate the standard of review for revocation sentences" because our precedent has "fallen unequivocally out of step with intervening Supreme Court precedent." Whether that is true or not, we "may not overturn another panel's decision, absent an intervening change in the law." *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) (citation omitted). No such change exists here.

No. 25-10237

"To be plain, legal error must be clear or obvious, rather than subject to reasonable dispute." *Broussard*, 669 F.3d at 553 (quotation marks and citation omitted). "In the sentencing context, a defendant shows an error affected substantial rights if 'the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand.'" *Galvan Escobar*, 872 F.3d at 319–20 (quoting *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (*en banc*)). Once an error is shown to be obvious and to have affected substantial rights, "we remedy the error '*only* if it seriously affected the fairness, integrity or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Scott*, 821 F.3d 562, 571 (5th Cir. 2016)).

Here, Ortiz requested a sentence of time served before the district court imposed the 60-month statutory maximum. Thus, by advocating for a shorter sentence than the one imposed, he preserved an argument that his sentence was substantively unreasonable, and we apply our plainly unreasonable standard. *See Holguin-Hernandez*, 589 U.S. at 173. That general request, though, did not put the district court on notice of any alleged procedural errors. *See Wooley*, 740 F.3d at 367. Failure to allege procedural error in addition to seeking a shorter sentence means the *Tapia* issue is reviewed for plain error.[3] *Id.*; *Cano*, 981 F.3d at 425.

_____

[3] After the Supreme Court's decision that advocating for a shorter sentence preserves an appellate challenge that the sentence imposed was substantively unreasonable, this court held that such advocacy does not preserve a challenge that the trial court followed improper procedures when determining the sentence. *United States v. Coto-Mendoza*, 986 F.3d 583, 585–86 (5th Cir. 2021) (explaining that the "*Holguin-Hernandez* Court never addressed the issue of improper procedure" and discussing its limited holding); *see Zarco-Beiza*, 24 F.4th at 482 (declining to extend *Holguin-Hernandez* to the argument that the sentencing court improperly relied on a "bare arrest record").

## I.    Tapia *Error*

When determining the duration of imprisonment, a sentencing judge may consider "the factors set forth in [S]ection 3553(a) . . . , *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation*."    18 U.S.C. § 3582(a) (emphasis added).    The relevant "factor[] set forth in [S]ection 3553(a)" is that the court shall consider "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."    18 U.S.C. § 3553(a)(2)(D).

The Supreme Court provided clarity by explaining that "Section 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation."    *Tapia*, 564 U.S. at 332.    Soon after *Tapia*, we extended its reasoning to the revocation context, *see United States v. Garza*, 706 F.3d 655, 659 (5th Cir. 2013), and explained that "a sentencing court errs if a defendant's rehabilitative needs are a *dominant factor* that informs the district court's sentencing decision."    *Galvan Escobar*, 872 F.3d at 320 (emphasis added) (quoting *United States v. Pillault*, 783 F.3d 282, 290 (5th Cir. 2015)).

Rehabilitation being a *dominant* factor does not require proof that it was the "*sole* factor."    *Wooley*, 740 F.3d at 366.    It is enough for the defendant to establish the sentencing court "impose[d]" or "lengthen[ed]" the defendant's sentence "to 'enable' or 'promote' his rehabilitation."    *See Galvan Escobar*, 872 F.3d at 320 (quoting *Tapia*, 564 U.S. at 335).

On the other hand, a district court *does not* err where "the need for rehabilitation is only a 'secondary concern' or an 'additional justification' for the sentence."    *Pillault*, 783 F.3d at 290 (quoting *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014)).    For instance, it is "not error to 'discuss[] the opportunities for rehabilitation within prison or the benefits of specific

treatment or training programs,' . . . [and] a court [may even] 'urge the BOP to place an offender in a prison treatment program.'" *United States v. Rodriguez-Saldana*, 957 F.3d 576, 579 (5th Cir. 2020) (first alteration in original) (quoting *Tapia*, 564 U.S. at 334).

### A. Plain Error

Ortiz argues that the following statement by the sentencing judge was reversible error: "All those things, I think, are such that I don't think you can be rehabilitated quickly, so I'm going to give you 60 months." The Government argues the court's statement was merely in response to Ortiz's alleged "exemplary amount of rehabilitation." Further, according to the Government, the full record establishes that the court relied on permissible factors and did not err by merely uttering the word "rehabilitation."

Ortiz cannot show plain error because he has not established the sentencing court's use of rehabilitation was a "clear and obvious" error. *See Galvan Escobar*, 872 F.3d at 319. Considering the full colloquy, the court's statement *could* be interpreted as explaining why Ortiz's state court sentence was not long enough, and that he should be incarcerated further to "carry out the purposes of [the] sentencing statute."

Ortiz requested a sentence for time served, in part arguing that his time in Texas state prison had allowed him to become rehabilitated and that he was no longer dangerous to the public. Upon announcing the sentence, the court mentioned Ortiz's "long list of offenses" and stated that 60 months was "not more than it should be to carry out the purposes of [the] sentencing statute."[4] In context, the term of imprisonment was not a means of

---

[4] Those permissible "purposes" of the sentencing statute are: "retribution, deterrence, [and] incapacitation." *Tapia*, 564 U.S. at 325; *see* 18 U.S.C. §§ 3551(a), 3553(a)(2)(A)–(C).

advancing Ortiz's rehabilitation, but instead an expression of disagreement with Ortiz's position that his state prison sentence had made further federal confinement unnecessary. Stated differently, his four years in state prison were not long enough to reflect the seriousness of the offense, deter similar future conduct, or protect the public. *See* 18 U.S.C. §§ 3551(a), 3553(a)(2)(A)–(C).

While the court's explanation of the sentence was brief, it is not "clear or obvious" that rehabilitation was a dominant factor merely because the court used the word "rehabilitation." Instead, the dominant factors were likely the seriousness of the offense, as the court mentioned that Ortiz had shot at somebody, and Ortiz's recidivism, as shown by what the court referred to as his "long list of offenses." *See* 18 U.S.C. § 3553(a)(1) (allowing district courts to consider "the history and characteristics of the defendant"). Thus, a sentence of "time served" may not have adequately fulfilled the purposes of the sentencing statute. Ortiz cannot establish plain error.

## II.    *Substantive Reasonableness*

At the beginning of the revocation hearing, the court mistook Ortiz for another defendant, incorrectly stating he "took off for three years." Later, when announcing Ortiz's sentence, the court appeared surprised to discover that Ortiz had "shot somebody." Ortiz argues that these facts render his revocation sentence unreasonable.

First, the sentence was procedurally sound. *See Gall*, 552 U.S. at 51. A "district court commits a significant *procedural* sentencing error by 'selecting a sentence based on clearly erroneous facts.'" *United States v. Ibarra*, No. 24-20071, 2024 WL 5118485, *1 (5th Cir. Dec. 16, 2024) (unpublished) (emphasis added) (quoting *Gall*, 552 U.S. at 51); *see United States v. Rhine*, 637 F.3d 525, 528 (5th Cir. 2011). Ortiz does not argue that

the sentence was based on clearly erroneous facts, and it was not. Any misunderstanding of the facts was quickly remedied and had no impact on the sentence imposed.

Second, our need to review for substantive unreasonableness considers the "totality of the circumstances," *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (citation omitted), but is nevertheless "highly deferential." *See United States v. Hoffman*, 901 F.3d 523, 554 (5th Cir. 2018) (citation omitted). We will "vacate the sentence only if the identified error is 'obvious under existing law,' such that the sentence is not just unreasonable but *plainly* unreasonable." *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018) (citation omitted).

Aside from Ortiz's legal conclusion that the sentence was neither "reasoned nor reasonable," *see Gall*, 552 U.S. at 59–60, he neither offers nor have we found any precedent supporting vacatur. The sentence was presumptively reasonable, *see United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008), and the sentencing court promptly corrected its factual misstatements. As a result, the sentence was not plainly unreasonable, and the sentencing court did not abuse its discretion.

AFFIRMED.